NO. 4-09-0765    Opinion Filed 5/11/11

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

THE PEOPLE OF THE STATE OF ILLINOIS, ) Appeal from
     Plaintiff-Appellee, ) Circuit Court of
     v. ) Macon County
DEMETRIUS G. HILL, ) No. 07CF1546
     Defendant-Appellant. )
      ) Honorable
      ) Timothy J. Steadman,
      ) Judge Presiding.

_____

JUSTICE TURNER delivered the judgment of the court, with opinion.

Justices Pope and McCullough concurred in the judgment and opinion.

**OPINION**

In July 2008, a jury found defendant, Demetrius G. Hill, guilty of aggravated battery. In August 2008, the trial court sentenced him to nine years in prison.

On appeal, defendant argues (1) the State failed to prove him guilty of aggravated battery, (2) the trial court erred in instructing the jury, and (3) he is entitled to additional sentence credit. We affirm and remand for further proceedings.

I. BACKGROUND

In October 2007, the State charged defendant by information with one count of aggravated battery (720 ILCS 5/12-

4(b)(8) (West 2006)), alleging that, while committing a battery, he knowingly caused bodily harm to Willie Ford, who was in the Macon County jail, a public property, when he struck and bit Ford.  Defendant waived his right to counsel.

In May 2008, defendant filed a pro se motion to dismiss the aggravated-battery charge, arguing the offense did not occur on public property.  The State countered by arguing the county jail constitutes public property as it is publicly funded.  The trial court denied the motion.

In July 2008, defendant's jury trial commenced.  Joshua Wilson, a correctional officer with the Macon County sheriff's department, testified the jail consists of three pods, individual housing units, in each of the six trods, the main housing area. Each pod contains 12 to 14 cells.  On October 19, 2007, defendant and Willie Ford were located in pod B.  Wilson observed Ford at the dayroom table when defendant attacked him.  After Ford pushed defendant up against a window, defendant bit Ford on the neck.

Willie Ford testified he was sitting at a table in the dayroom when he saw defendant walking toward him.  Defendant "took a swing" at him but missed.  The two then wrestled on the floor.  After getting to his feet, Ford grabbed defendant by the throat.  As he held defendant up against the window, defendant

bit him in the jaw.

Jennifer Mahannah, a registered nurse, testified she works part-time at the Macon County jail. On October 19, 2007, Mahannah was called to examine Willie Ford, an inmate who had a bite mark on his neck. Ford told her he had been bitten by defendant.

The trial court took judicial notice the Macon County correctional center is public property. The court allowed defendant to argue to the jury the jail pod was not public property because no public access to the area was permitted.

Ernest Brooms, an inmate at the time of the occurrence, testified for the defense and stated he saw defendant bite Ford on the chin. Another inmate, Deangelo Cook testified he saw defendant bite Ford.

Following closing arguments, the jury found defendant guilty of aggravated battery. In July 2008, defendant filed a pro se motion for a new trial. Later that month, defendant retained counsel, who adopted the motion. In August 2008, the trial court denied the motion and sentenced defendant to nine years in prison.

In September 2008, defense counsel filed a motion to reconsider the sentence. Because defense counsel had legal and

mental-health issues that arose, the cause was not called for hearing for approximately 10 months. Defendant elected to proceed pro se, and the trial court allowed him to file a new motion for a new trial given his counsel's troubles. In October 2009, the court denied the motions. This appeal followed.

## II. ANALYSIS

### A. Aggravated Battery

Defendant argues the State failed to prove him guilty of aggravated battery because a jail pod is not public property within the meaning of the statute. We disagree.

Pursuant to section 12-3(a) of the Criminal Code of 1961 (720 ILCS 5/12-3(a) (West 2006)), "[a] person commits battery if he intentionally or knowingly without legal justification and by any means, (1) causes bodily harm to an individual or (2) makes physical contact of an insulting or provoking nature with an individual." A simple battery may be elevated to an aggravated battery when committed under one or more circumstances. For example, a person committing a battery may be found guilty of aggravated battery if he "or the person battered is, on or about a public way, public property or public place of accommodation or amusement." 720 ILCS 5/12-4(b)(8) (West 2006).

In this case, the State charged defendant with aggra-

- 4 -

vated battery, alleging he committed a battery against Ford while inside the Macon County jail, a public property. Defendant argues government ownership does not make a location "public property." Instead, defendant claims the property must be open for access to the public. If the members of the general public are not allowed admittance to the jail's housing units, defendant argues he cannot be found guilty of aggravated battery based on a battery occurring on public property.

"The primary goal in construing a statute is to determine and effectuate the intent of the legislature. The most reliable means of accomplishing that goal is to apply the plain and ordinary meaning of the statutory language." People v. Amigon, 239 Ill. 2d 71, 84-85, 940 N.E.2d 63, 71 (2010). "Where a term is not defined, 'we must assume that the legislature intended the term to have its ordinary and popularly understood meaning.'" People v. Beachem, 229 Ill. 2d 237, 244, 890 N.E.2d 515, 520 (2008) (quoting People v. Maggette, 195 Ill. 2d 336, 349, 747 N.E.2d 339, 347 (2001)). The ordinary and popularly understood meaning of a word may be determined by utilizing the dictionary definition. Beachem, 229 Ill. 2d at 244-45, 890 N.E.2d at 520. Courts, however, "may not depart from the statute's plain language by reading in exceptions, limitations, or

conditions that conflict with the legislature's intent."  Amigon, 239 Ill. 2d at 85, 940 N.E.2d at 71.  As the issue of statutory interpretation is one of law, our review is de novo.  Amigon, 239 Ill. 2d at 84, 940 N.E.2d at 71.

The aggravated-battery statute does not define "public property."  "Property" has been defined as "something owned or possessed; *** a piece of real estate."  Merriam-Webster's Collegiate Dictionary 933 (10th ed. 2000).  We note "public land" has been defined as "land owned by a government."  Merriam-Webster's Collegiate Dictionary 942 (10th ed. 2000).  Without discussion and on the issue of sentencing, this court found two assaults by a defendant against his attorney, which took place in the jail and in the courthouse, occurred on public property for purposes of the aggravated-battery and aggravated-assault statutes.  People v. Childs, 305 Ill. App. 3d 128, 140, 711 N.E.2d 1151, 1159-60 (1999).  We find the plain and ordinary meaning of "public property" is property owned by the government.

Defendant, however, relies on a line of cases, the latest being People v. Ojeda, 397 Ill. App. 3d 285, 921 N.E.2d 490 (2009), for his belief that a location does not constitute "public property" simply because it is government owned.  In Ojeda, 397 Ill. App. 3d at 286, 921 N.E.2d at 491, the trial

- 6 -

court found the defendant guilty of aggravated battery after he hit a highschool classmate in the face. On appeal, the issue centered on whether a high school constituted "public property." Ojeda, 397 Ill. App. 3d at 286, 921 N.E.2d at 491.

The Second District cited People v. Kamp, 131 Ill. App. 3d 989, 476 N.E.2d 768 (1985), and People v. Ward, 95 Ill. App. 3d 283, 419 N.E.2d 1240 (1981), in finding "property is not public solely because it is funded by local taxpayers." Ojeda, 397 Ill. App. 3d at 287, 921 N.E.2d at 492. The court noted the definition of "public building" included the accessibility of the public and determined "public" refers to property "which is for the public's use." Ojeda, 397 Ill. App. 3d at 287, 921 N.E.2d at 492. The court held the high school was public property, as "the public does have use of public schools in some way, although that use may be restricted or limited." Ojeda, 397 Ill. App. 3d at 288, 921 N.E.2d at 493. Although the general public did not have unlimited access to the public school, the court concluded the school met the definition of "public property" intended by the aggravated-battery statute. Ojeda, 397 Ill. App. 3d at 288, 921 N.E.2d at 493.

We do not agree with the Second District's restrictive view of the definition of "public property," i.e., that not only

- 7 -

must the property be funded by taxpayers but it must also be open for the general public's use. The Second District's analysis focused on the high school as a public building and whether the public had access to the building and use of the facility in some way. However, section 12-4(b)(8) of the aggravated-battery statute uses the term "property" instead of "building." Defendant's and the Second District's reading of the statute substitutes "public space," "public place," or "area that is open or accessible to the public" in place of the phrase "public property." Nothing indicates the General Assembly meant for the plain and ordinary meaning of "public property" to be anything other than government-owned property. Moreover, the county jail is property used for the public purpose of housing inmates.

Here, the county jail was property owned by the government and thereby constituted public property. Given that the battery took place within the jail in one of the pods, the offense falls within the aggravated-battery statute. Accordingly, the State proved defendant guilty beyond a reasonable doubt.

### B. Judicial Notice

Defendant argues the trial court erred in instructing the jury that it had taken judicial notice that the county jail

- 8 -

was public property.  We disagree.

"A court may take judicial notice of matters generally known to the court and not subject to reasonable dispute."  In re A.B., 308 Ill. App. 3d 227, 237, 719 N.E.2d 348, 356 (1999).  A court may take judicial notice of a fact even if it constitutes an element of the offense.  See People v. White, 311 Ill. App. 3d 374, 380, 724 N.E.2d 572, 577 (2000).

In the case sub judice, the trial court took judicial notice that the Macon County correctional center is public property.  Based on our finding to the previous issue, the character of the jail pod as public property was not subject to legitimate dispute.  Accordingly, the court did not err in taking judicial notice of the fact and instructing the jury thereon.

C. Sentence Credit

Defendant argues this cause should be remanded for the award of an additional 50 days of sentence credit for time spent regaining fitness and an evidentiary hearing to determine how many additional days of credit he is entitled to between the date of his rearrest and sentencing.  We agree in part.

Section 5-8-7(b) of the Unified Code of Corrections (730 ILCS 5/5-8-7(b) (West 2006)) provides an offender shall be given credit on his sentence "for time spent in custody as a

result of the offense for which the sentence was imposed."  A "defendant is entitled to one day of credit for each day (or portion thereof) that he spends in custody prior to sentencing, including the day he was taken into custody."  People v. Ligons, 325 Ill. App. 3d 753, 759, 759 N.E.2d 169, 174 (2001).

> "Time spent in custody pursuant to orders issued under [s]ection 104-17 or 104-20 or pursuant to a commitment to the Department of Human Services following a finding of unfitness or incompetency under prior law, shall be credited against any sentence imposed on the defendant in the pending criminal case or in any other case arising out of the same conduct."  725 ILCS 5/104-24 (West 2006).

"[A] defendant will not be credited for the day of sentencing in which he is remanded to the Department of Corrections."  People v. Foreman, 361 Ill. App. 3d 136, 157, 836 N.E.2d 750, 768 (2005).

In his initial brief, defendant argued he is entitled to 50 days of sentence credit between February 28, 2008, and April 17, 2008, which included time spent in the Department of Human Services following a finding of unfitness.  In response,

- 10 -

the State pointed out the trial court entered an amended sentencing order awarding defendant sentence credit from October 19, 2007, through July 20, 2008.  In his reply brief, defendant agrees with the State, and this issue is now moot.

Defendant, however, argues he is entitled to additional credit for time in custody between the time he posted bond on July 20, 2008, and his sentencing date of August 27, 2008.  The State notes it appears defendant became jailed at some point after posting bond but argues the record does not establish he spent additional time in custody as a result of the present offense.  Because of the ambiguity in the record, remand is required to determine whether defendant is entitled to sentence credit between July 20, 2008, and his sentencing date of August 27, 2008.

### III. CONCLUSION

For the reasons stated, we affirm the trial court's judgment and remand for further proceedings.  As part of our judgment, we award the State its $50 statutory assessment against defendant as costs of this appeal.

Affirmed and remanded for further proceedings.