2015 IL App (3d) 130581

Opinion filed September 1, 2015

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2015

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 14th Judicial Circuit, Whiteside County, Illinois, |
| Plaintiff-Appellee, | ) ) | Appeal No. 3-13-0581 |
| v. | ) ) | Circuit No. 13-CF-32 |
| JOSHUA E. MESSENGER, | ) ) | Honorable John L. Hauptman, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE SCHMIDT delivered the judgment of the court, with opinion.
Justice O'Brien concurred with the judgment and opinion.
Justice Carter specially concurred, with opinion.

**OPINION**

¶ 1     A Whiteside County jury convicted defendant, Joshua Messenger, of aggravated battery (720 ILCS 5/12-3.05(c) (West 2012)). The trial court later sentenced him to 10 years in prison. Defendant does not dispute that the State's evidence was sufficient to prove beyond a reasonable doubt that he committed a battery. The sole overarching issue before us is whether defendant was properly convicted of *aggravated* battery on the theory that the area inside the Whiteside County jail—where defendant committed the battery at issue—was "public property" within the meaning of section 12-3.05(c) of the Criminal Code of 2012. *Id.*

¶ 2 Defendant appeals, arguing that: (1) the State failed to prove him guilty of aggravated battery; (2) the trial court erred by taking judicial notice that a cell block in a county jail is public property; and (3) the trial court erred when it instructed the jury. We affirm the trial court's ruling.

¶ 3 BACKGROUND

¶ 4 In January 2013, the State charged defendant with aggravated battery. The State alleged that defendant's battery of another inmate, while they were both incarcerated at the Whiteside County jail, constituted aggravated battery because the jail is "public property" as contemplated by section 12-3.05(c) of the Criminal Code. *Id.* At trial, defendant argued: (1) the victim consented to the contact and therefore the battery was not insulting or provoking; and (2) the jail is inaccessible to the public and thus, not "public property" under the aggravated battery statute.

¶ 5 Before trial, the State filed a motion, requesting the trial court take judicial notice that the Whiteside County jail is public property. During trial, but outside the presence of the jury, the State presented evidence that Whiteside County owns the entire jail complex. Defendant objected, stating that judicial notice of this fact directed the jury to a "factual finding." The court disagreed with defendant's position and granted the State's motion. In so doing, the trial court noted, "the plain and ordinary meaning of public property is property owned by the government." At trial, the court informed the jury that it "can take judicial notice of certain facts that are, cannot be in legitimate dispute. I have taken judicial notice of the following fact, that the Whiteside County Jail is public property."

¶ 6 Following the presentation of evidence, which included video footage of the defendant battering the victim inside a jail, a jury instructions conference was held. The State proposed a jury instruction stating:

"The entire county jail is public property. The definition of public

property does not require that the property be an area open or

accessible to the public."

Defendant renewed his objection that the jail was not public property for purposes of the

aggravated battery statute. The trial court disagreed, allowing the instruction and subsequently

informing the jury that judicially-noticed facts are not necessarily conclusive. Following closing

arguments, the jury convicted defendant of aggravated battery. *Id.* The trial court later

sentenced him to 10 years in prison.

¶ 7        This appeal followed.

¶ 8                                ANALYSIS

¶ 9                    I. Defendant's Failure of Proof Claim

¶ 10        Defendant argues the trial court failed to prove him guilty of aggravated battery.

Specifically, defendant asserts that a cellblock in a county jail, which is generally inaccessible to

the public, is not "public property" under the statute. Defendant contends the trial court relied on

an outlier case (*People v. Hill*) when deciding to take judicial notice that the Whiteside County

jail is public property. *People v. Hill*, 409 Ill. App. 3d 451, 454 (2011). In support of this

argument, defendant further asserts that being open and accessible to the public is the pivotal

factor in defining public property. Thus, concluding that any other criteria used to define public

property is based on a rationale inherently at odds with the Illinois courts' long-held belief that

the purpose of the aggravated battery statute is to protect the community.

¶ 11                            A. The Standard of Review

¶ 12        When reviewing a question of statutory interpretation, we apply a *de novo* standard of

review. *In re Jerome S.*, 2012 IL App (4th) 100862, ¶ 9.

¶ 13                    B. Public Property under the Aggravated Battery Statute

¶ 14          Under Illinois's aggravated battery statute, the offense of battery can be aggravated based

on the location of the incident:

> "A person commits aggravated battery when, in committing a
>
> battery, other than by the discharge of a firearm, he or she is or the
>
> person battered is on or about a public way, public property, a
>
> public place of accommodation or amusement, a sports venue, or a
>
> domestic violence shelter." 720 ILCS 5/12-3.05(c) (West 2012).

The term "public property" and the others that appear with it are not defined by the statute.

¶ 15          The primary goal of statutory interpretation is to determine and effectuate the intent of

the legislature. *People v. Amigon*, 239 Ill. 2d 71, 84 (2010). "The most reliable means of

accomplishing that goal is to apply the plain and ordinary meaning of the statutory language."

*Id.* at 84-85. "Where the language is plain and unambiguous we must apply the statute without

resort to further aids of statutory construction." *People v. Collins*, 214 Ill. 2d 206, 214 (2005).

¶ 16          The defendant in this case battered a fellow inmate while they were in a common area for

inmates. At the prosecution's request, the trial court deemed the county jail "public property"

via judicial notice. Defense counsel objected, arguing that areas must be accessible to the public

in order to be deemed public property. The trial court agreed with the State and took judicial

notice.

¶ 17          We find that under section 12-3.05(c) of the Criminal Code, the place where a battery

occurred can be a "public place of accommodation" *or* "public property." The categories listed

in the statute are not necessarily mutually exclusive. "The word 'or' is a disjunctive

conjunction." *Central Mortgage Co. v. Kamarauli*, 2012 IL App (1st) 112353, ¶ 18. Use of the

4

word "or" in the statutory language indicates a list of alternatives, each of which requires separate treatment. *In re E.B.*, 231 Ill. 2d 459, 468 (2008).

¶ 18    Defendant relies on *People v. Kamp*, 131 Ill. App. 3d 989 (1985), and *People v. Ward*, 95 Ill. App. 3d 283 (1981), in arguing otherwise. These cases do not persuade us. Initially, we note that *Kamp* is distinguishable from the case at bar on its face. The defendant's argument in *Kamp* is that the State failed to prove him guilty of aggravated battery when it only proved the incident occurred in an area accessible to the public, a park. *Kamp*, 131 Ill. App. 3d at 993. The defendant in this case is arguing the reverse: the State failed to prove him guilty of aggravated battery when it only proved the incident occurred in an area owned by the government, a jail.

¶ 19    The *Kamp* court found public accessibility sufficient to support a charge of felony murder where the underlying felony—an aggravated battery—occurred in a public park. *Id.* The *Kamp* court's finding that a park is public property without evidence at trial of government ownership does not exclude courts from finding that an area is public property based solely on proof that it is government owned. The State in *Kamp* established at trial that the park where the defendant battered the victim was accessible to the public, proving the defendant guilty of aggravated battery. The trial and appellate courts did not find it necessary for the State to further prove the park was government owned in order to sustain the defendant's conviction. *Kamp* does not address the issue of whether the State can prove property is public in nature by establishing that it is government owned.

¶ 20    Defense counsel in this case claims that government ownership is irrelevant in determining whether property is "public" under the aggravated battery statute. This is based upon a misreading of applicable case law. In support of his argument, defendant focuses on the

5

*Ward* court's use of the term irrelevant. *Ward*, 95 Ill. App. 3d at 287-88. The *Kamp* court further highlighted the *Ward* court's use of the term:

> "Whether the property was actually publicly owned *and*, *therefore*, *public property* rather than a privately owned public place of accommodation is irrelevant; what is significant is that the alleged offense occurred in an area accessible to the public." (Emphasis added.) (Internal quotation marks omitted.) *Kamp*, 131 Ill. App. 3d at 993 (quoting *Ward*, 95 Ill. App. 3d at 287-88).

¶ 21    The *Ward* court defined "public property" as government owned and then went on to declare that ownership was an extraneous matter to their case. This commentary was not a universal declaration. The State in *Ward* had initially argued the battery, which occurred in a hotel parking lot, had occurred " 'about public property.' " *Ward*, 95 Ill. App. 3d at 286. The trial court later declared the battery had actually occurred " 'about a public place of accommodation' " and the indictment was subsequently amended. *Id.* at 286-87. To the extent the *Kamp* and *Ward* courts characterize ownership as irrelevant, these discussions were in the context that public property, for purposes of the statute, need not necessarily be publicly owned.

¶ 22    Public property need not necessarily be accessible to the general public in order to be defined as such. "Nothing indicates the General Assembly meant for the plain and ordinary meaning of 'public property' to be anything other than government-owned property. Moreover, the county jail is property used for the public purpose of housing inmates." *Hill*, 409 Ill. App. 3d at 455. Likewise, one temporarily detained in a county jail is still a citizen and member of the community. We cannot believe that the General Assembly meant to discourage attacks on people in the courthouse, but not in the jail.

6

¶ 23    Here, as in *Hill*, the county jail where the incident occurred was owned by the government and therefore considered public property. The State presented evidence that defendant battered someone in a jail owned by a government entity. Therefore, as a matter of statutory interpretation, the battery clearly falls within the aggravated battery statute.

¶ 24                    II. Judicial Notice of an Element of the Offense

¶ 25    Next, defendant argues the court erroneously took judicial notice of an essential element of aggravated battery. Specifically, defendant contends that the State was unjustly relieved of its burden of proving he battered the victim on public property when the trial court took judicial notice that the Whiteside County jail is public property. Again, we disagree.

¶ 26                    A. The Standard of Review

¶ 27    As an evidentiary matter, judicial notice is reviewed for abuse of discretion. *In re A.B.*, 308 Ill. App. 3d 227, 234 (1999); *In re J.G.*, 298 Ill. App. 3d 617, 627 (1998). "We review the trial court's ruling on an evidentiary matter, including judicial notice, by applying an abuse of discretion standard." *In re S.M.*, 2015 IL App (3d) 140687, ¶ 13.

¶ 28                    B. Judicial Notice

¶ 29    Under Rule 201 of the Illinois Rules of Evidence, a trial court must take judicial notice of an adjudicative fact when a party requests it to do so and provides the necessary supporting information. Ill. R. Evid. 201(d) (eff. Jan. 1, 2011). The extension of the judicial notice doctrine to include "facts which, while not generally known, are readily verifiable from sources of indisputable accuracy is an important aid in the efficient disposition of litigation, and its use, where appropriate, is to be commended." *People v. Davis*, 65 Ill. 2d 157, 165 (1976). Furthermore, "[a] court may take judicial notice of a fact even if it constitutes an element of the offense." *Hill*, 409 Ill. App. 3d at 456 (citing *People v. White*, 311 Ill. App. 3d 374, 380 (2000)).

¶ 30    The due process clause of the fifth amendment and the notice and jury trial guarantees of the sixth amendment require "any fact (other than prior conviction) that increases the maximum penalty for a crime [to] be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt." *Jones v. United States*, 526 U.S. 227, 243, n.6 (1999). By way of the fourteenth amendment, the same is true for cases involving state statutes. *Apprendi v. New Jersey*, 530 U.S. 466, 476 (2000). In criminal cases, judicially-noticed facts are in the province of the jury, preserving a criminal defendant's right to a jury trial. U.S. Const., amend. VI; Ill. Const. 1970, art. I, § § 8, 13; *People v. Love*, 2013 IL App (3d) 120113, ¶ 26. Taking judicial notice of an element of an offense does not contradict *Apprendi* and its progeny. Compliance with Rule 201(g) (Ill. R. Evid. 201(g) (eff. Jan. 1, 2011)) ensures that judicial notice in criminal cases is merely another form of proof for the jury to accept or reject. *United States v. Chapel*, 41 F.3d 1338, 1342-43 (9th Cir. 1994).

¶ 31    The trial court in this case was asked to take judicial notice of a fact and provided with the necessary supporting information. The record is clear on the following facts. Outside the presence of the jury, Whiteside County jail correctional officer Corporal John Willhite testified that Whiteside County owns the entire jail complex, including the area where defendant committed the battery. Defense counsel further solicited from Corporal Willhite that the area where defendant committed the battery was not open or accessible to the public. The trial court informed the parties that it would take judicial notice that the Whiteside County jail is public property. Defendant objected on the grounds that government ownership does not equate to public property. The trial court later informed the jury that it had taken judicial notice that the Whiteside County jail is public property and that judicially-noticed facts are not conclusive facts. In other words, the jury was free to disregard the judicially-noticed fact.

8

¶ 32    On appeal, defendant argues the status of a county jail as public property under the aggravated battery statute is subject to legitimate dispute. Defendant alleges there is a split among the appellate courts as to the definition of public property in this context. As previously discussed, we disagree. This court has found no decision that characterizes a county jail as anything other than public property. We see no reason to rule that a county jail is not public property under the aggravated battery statute or that it is, *per se*, an issue subject to reasonable dispute.

¶ 33    We note that defendant also implies on appeal that taking judicial notice of an element of an offense is erroneous. The Illinois courts, however, have regularly sanctioned the use of judicial notice to establish an element of the offense. *Davis*, 65 Ill. 2d at 165; *People v. Scott*, 278 Ill. App. 3d 468, 475 (1996); *White*, 311 Ill. App. 3d at 380; *Hill*, 409 Ill. App. 3d at 456. We reiterate the *Davis* court's expansion of judicial notice for this purpose, as discussed in *White*:

> "The quoted principle in *Davis* that 'the extension of the doctrine of judicial notice to include facts *** readily verifiable from sources of indisputable accuracy is an important aid in the efficient disposition of litigation' [citation] applies with equal force regardless of the standard of proof required. Neither the *Davis* nor *Scott* court conditioned their sanction of the use of judicial notice upon the level of proof required." *White*, 311 Ill. App. 3d at 380.

¶ 34                            III. Jury Instruction

¶ 35    Last, defendant argues the trial court's jury instruction that the Whiteside County jail is public property was improper. Defendant asserts the trial court's reliance on *Hill* renders the

9

instruction an inaccurate statement of the law. Having disposed of this issue previously, we will not address it further.

¶ 36 Defendant also points out, however, that the instruction failed to inform the jury this was a judicially-noticed fact, which it was not required to accept as conclusive. Defendant argues this created an unconstitutional mandatory conclusive presumption. Without citing *Apprendi*, defendant argues the instruction did not allow the jury to decide the battery occurred on public property, denying the defendant his due process rights. *Apprendi v. New Jersey*, 530 U.S. 466 (2000). In response, the State counters that the trial court remedied any problem with the constitutionality of the jury instruction by orally admonishing the jury that it need not accept judicially-noticed facts as conclusive. We find the instruction erroneous, but an error that was ultimately harmless.

¶ 37                                  A. The Standard of Review

¶ 38 "Generally, an issue concerning the propriety of a jury instruction is reviewed under an abuse of discretion standard; however, review is *de novo* when the issue is whether the applicable law was correctly conveyed in the jury instruction." *People v. Franklin*, 2012 IL App (3d) 100618, ¶ 21 (citing *People v. Turman*, 2011 IL App (1st) 091019, ¶ 18).

¶ 39                                  B. The Jury Instruction

¶ 40 During a jury instructions conference in this case, the State proposed a non-Illinois Pattern Jury Instruction which was later provided to the jury. The instruction stated as follows:

"The entire county jail is public property. The definition of public property does not require that the property be an area open or accessible to the public."

The court gave the instruction over defendant's objection.

10

¶ 41 The trial court converted a judicially-noticed fact into an instruction and submitted it to the jury without including the Illinois Rules of Evidence Rule 201(g) caveat language; ceasing to remind the jury that they need not accept that fact as conclusive. The jury instruction removed an element of the offense from the hands of the jury. This was a clear violation of *Apprendi*. And under Illinois law, all mandatory presumptions are *per se* unconstitutional. *People v. Pomykala*, 203 Ill. 2d 198, 203-04 (2003). The erroneous instruction in this case, however, is not akin to an unconstitutional directed verdict.

¶ 42 *Apprendi* clearly states that, except for the fact of a prior conviction, "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000); *People v. Swift*, 202 Ill. 2d 378, 392 (2002). The Supreme Court applies harmless-error analysis to cases involving improper instructions on a single element of an offense. See, *e.g.*, *Carella v. California*, 491 U.S. 263, 266 (1989) *(per curiam)* (applied to a mandatory conclusive presumption); *Pope v. Illinois*, 481 U.S. 497, 502-03 (1987) (applied to a misstated element of the offense). Illinois courts apply harmless-error review when a defendant has timely objected to an *Apprendi* error and plain error when the issue was forfeited. See *People v. Thurow*, 203 Ill. 2d 352, 363 (2003); *People v. Crespo*, 203 Ill. 2d 335, 347 (2001); *People v. Kaczmarek*, 207 Ill. 2d 288, 302 (2003); *People v. Nitz*, 219 Ill. 2d 400, 414 (2006). Accordingly, we apply harmless error in this case since the defendant objected to the instruction at trial.

¶ 43 *Thurow* and its progeny have established that an appellate court reviewing an *Apprendi* error must examine the evidence and determine what a rational jury would have found. *Thurow*, 203 Ill. 2d at 368-69. In contrast to structural errors, "instructional errors are deemed harmless if it is demonstrated that the result of the trial would not have been different had the jury been

11

properly instructed." *People v. Washington*, 2012 IL 110283, ¶ 60 (citing *Pomykala*, 203 Ill. 2d at 210).

¶ 44    In spite of the constitutional violation that stems from the jury instruction at issue in this case, the defendant is not entitled to a retrial. The Illinois supreme court has ruled that an *Apprendi* violation is not automatic grounds for reversal. *Kaczmarek*, 207 Ill. 2d 288; *Thurow*, 203 Ill. 2d at 371-72; *Nitz*, 219 Ill. 2d 400; *People v. Rivera*, 227 Ill. 2d 1 (2007). The instruction at issue is contradictory, in so far as it conflicts with the trial court's earlier oral instruction to the jury that it need not necessarily conclude the jail was public property, but in the next breath asserts in writing that a jail *is* public property. This, too, is problematic but not necessarily grounds for reversal. *United States v. Dobek*, 789 F.3d 698, 701-02 (7th Cir. 2015). When no reasonable jury would acquit the defendant, even without the use of a confusing instruction, a retrial is a waste of judicial resources. *Id.*; see also *United States v. Macias*, 786 F.3d 1060, 1063 (7th Cir. 2015). Such is the case here.

¶ 45    The evidence was overwhelmingly against the defendant in this case. There is no reasonable argument that the evidence was closely balanced. At trial, the jury watched video footage of the defendant unexpectedly attacking the victim from behind and repeatedly battering him. All the while, they were patently inside a jail. All witnesses at trial testified that the incident took place at the Whiteside County jail.

¶ 46    To believe the erroneous instruction resulted in a structural error—and is therefore now reversible—one would have to assume the jury convicted the defendant without concluding the battery took place in a jail. The elements of aggravated battery are undisputable in this case. For the reasons previously stated, no reasonable jury would find that the battery did not occur on public property. Accordingly, no reasonable jury could acquit the defendant at a retrial, even if

the instruction at issue were omitted.

¶ 47     When a defendant cannot bring forth facts contesting the element in question, as is the case here, answering the question of whether or not the jury verdict would have been the same without the error does not fundamentally undermine the purpose of the jury trial guarantee. *Neder v. United States*, 527 U.S. 1, 19 (1999). It is beyond a reasonable doubt that the defendant was found guilty by a rational jury. Thus, the trial court's conviction stands.

¶ 48                                   CONCLUSION

¶ 49     For the foregoing reasons, the judgment of the circuit court of Whiteside County is affirmed.

¶ 50     Affirmed.

¶ 51     JUSTICE CARTER, specially concurring:

¶ 52     I concur with the above opinion with the addition of the following comments. The criminal Illinois Pattern Jury Instructions provide a general instruction in regard to judicial notice, which should be given when appropriate. As to the specific fact judicially noticed, the Illinois Rules of Evidence allow discretion in the trial court as to the method of informing the jury that a fact has been judicially noticed.

¶ 53     Illinois Supreme Court Rule 451(a) (eff. Apr. 8, 2013) provides that wherever the criminal Illinois Pattern Jury Instructions contains an applicable instruction and it is deemed appropriate in a criminal case it "shall be used." Paragraph (9) of the Illinois Pattern Jury Instructions Criminal, No. 1.01 (4th ed. Supp. 2015) (hereinafter, IPI Criminal 4th (Supp. 2015)) provides:

> "The evidence which you should consider consists only of the testimony of the witnesses [and (the exhibits) (and) (stipulations)

13

(and) (judicially noticed facts)] which the court has received. [You may, but are not required to, accept as conclusive any fact judicially noticed.]" IPI Criminal 4th No. 1.01 (Supp. 2015).

¶ 54 The committee note to IPI Criminal 4th No. 1.01 (Supp. 2015) indicates:

"The Committee has added 'stipulations' and 'judicially noticed facts' in paragraph [9] as types of evidence a jury should consider during the course of its deliberations. In Illinois Rule of Evidence 201(g), the Illinois Supreme Court stated, 'In a criminal case, the court shall inform the jury that it may, but is not required to, accept as conclusive any fact judicially noticed'. The second sentence in Paragraph [9] has been added so that this Instruction complies with Rule 201(g)." IPI Criminal 4th No. 1.01 Committee Note (Supp. 2015).

¶ 55 Illinois Rule of Evidence 201(g) is entitled "Informing the Jury" and provides:

"In a civil action or proceeding, the court shall inform the jury to accept as conclusive any fact judicially noticed. In a criminal case, the court shall inform the jury that it may, but is not required to, accept as conclusive any fact judicially noticed." Ill. R. Evid. 201(g) (eff. Jan. 1, 2011).

¶ 56 Illinois Rule of Evidence 201(g) is identical to Federal Rule of Evidence 201(g) before its amendment effective December 1, 2011 (Fed. R. Evid. 201(g) (prior to amendments of December 1, 2011)), "except for the modification of the title and the substitution of 'inform' for 'instruct' in both sentences, thus permitting more informal direction from the court to the jury."

Gino L. DiVito, The Illinois Rules of Evidence: A Color-Coded Guide, Author's Commentary on Ill. R. Evid. 201(g), at 31 (January 12, 2015). Illinois Rule of Evidence 201(g) modified the earlier version of Federal Rule of Evidence 201(g) to substitute the word "inform" for "instruct" in both sentences and changed the title from "Instructing the Jury" to "Informing the Jury." Ill. R. Evid. 201(g) (eff. Jan. 1, 2011). These variances allow the trial court discretion to either formally instruct or give an informal direction regarding judicially noticed facts and the mandated caveat—that the jury may, but is not required to, accept a judicially noticed fact as conclusive. Graham's Handbook of Illinois Evidence indicates that, if a matter would fall within the province of the jury, the court must ensure that the jury is aware that the fact has been judicially noticed, which may be accomplished: (1) as a direct result of the jury hearing counsel's request for judicial notice and the court's concurrence; (2) the judge advising the jury specifically at the time that the particular fact has been judicially noticed; or (3) by the court including an instruction to the jury that a particular fact has been judicially noticed at the time of formal jury instructions. Michael H. Graham, Graham's Handbook of Illinois Evidence § 201.4, at 85 (10th ed. 2010).

¶ 57        Thus, a trial court has discretion to include the judicially noticed fact in the jury instructions or inform the jury of a judicially noticed fact with an informal direction, with the appropriate method depending on the circumstances. For example, where a judicially noticed fact pertains to an element of a charged offense in a criminal case, then the State might request that the judicially noticed fact be included in a formal jury instruction. On the other hand, all parties may be satisfied with an informal direction to the jury in regard to a judicially noticed fact in other circumstances.