In the

# United States Court of Appeals
## For the Seventh Circuit

No. 16-1232

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

JAMIE GOLDEN,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Central District of Illinois.
No. 06 CR 30050 — **Sue E. Myerscough**, *Judge.*

ARGUED SEPTEMBER 19, 2016 — DECIDED DECEMBER 16, 2016

Before POSNER, WILLIAMS, and SYKES, *Circuit Judges.*

WILLIAMS, *Circuit Judge.* Shortly after Jamie Golden[1] was
released from prison, the government petitioned for revoca-

---

[1] Although the Defendant's legal name is Jamie Golson, the district
court proceedings and the appeal were both captioned under the name

tion of his supervised release. While in jail pending the conclusion of revocation proceedings, Golden was involved in a prison fight in which he repeatedly battered a fellow inmate. As a result, the district judge found that he had committed an aggravated battery—a Grade A violation of his supervised release—and revoked his release.

On appeal, Golden claims that the district judge erroneously concluded that an aggravated battery had occurred, and that even if it had, it did not constitute a Grade A violation. We disagree. Golden unquestionably battered the other inmate, and because it occurred on public property (a county jail), the battery was aggravated. And the Grade A label was appropriate, since Golden's conduct qualifies as a "crime of violence" under the U.S. Sentencing Guidelines.

Golden also claims that the district judge failed to make the requisite factual findings that supported the duration and conditions of his newly imposed supervised release. But Golden waived this argument by asking for the duration he ultimately received and by affirmatively withdrawing his objections to the conditions he now challenges. So we affirm the district judge's revocation of Golden's initial supervised release and her imposition of new supervised-release conditions.

## I. BACKGROUND

Jamie Golden was convicted of conspiring to distribute cocaine in violation of federal law and served approximately eight years in prison. In the weeks following his release from

---

"Jamie Golden." We will refer to him by the latter name to minimize any confusion.

prison, Golden allegedly stole $1500 from the gas station where he was working, repeatedly failed to report to the federal probation office, and failed to submit to two drug tests. This prompted the office to petition the district judge to revoke his supervised release. The judge issued an arrest warrant, and Golden was arrested.

While detained at the Sangamon County Jail pending a revocation hearing, Golden and several other inmates attacked a fellow inmate named Louis Brown, who was allegedly bullying others. In a videotaped recording of the attack, Golden can be seen throwing Brown to the ground twice and repeatedly punching and kicking Brown in or near his head.

In the wake of this incident, the State of Illinois charged Golden with aggravated battery and mob action, which the probation office incorporated into a supplemental revocation petition. After holding a revocation hearing, the district judge found that Golden had committed both aggravated battery and mob action, concluded that both offenses were Grade A violations of his supervised release, and sentenced Golden to 42 months' imprisonment and three years of supervised release with various conditions. This appeal followed.

## II. ANALYSIS

### A. No Abuse of Discretion in Revoking Golden's Supervised Release

On appeal, Golden maintains that the district judge erroneously concluded that he committed aggravated battery and mob action, and that even if he did, neither violation constitutes a Grade A violation of his supervised release. We review the district judge's revocation for abuse of discretion and any related factual findings for clear error, *United States v. Preacely*,

702 F.3d 373, 375 (7th Cir. 2012), and the district judge's interpretation of the U.S. Sentencing Guidelines de novo, *United States v. McClanahan*, 136 F.3d 1146, 1149 (7th Cir. 2011).

### 1. Golden Committed Aggravated Battery

As a condition of his release from prison, Golden was barred from "commit[ting] another federal, state or local crime." The government bore the burden of establishing that Golden violated the terms of his supervised release by committing such an offense, and a preponderance of the evidence was necessary for the district judge to agree. 18 U.S.C. § 3583(e)(3); *see also, e.g., United States v. Mosley*, 759 F.3d 664, 669 (7th Cir. 2014). According to the government, Golden committed two state law crimes: aggravated battery and mob action. In Illinois, a battery occurs if an individual unjustifiably "causes bodily harm to an individual" or "makes physical contact of an insulting or provoking nature" with another. 720 Ill. Comp. Stat. 5/12-3. A battery can be aggravated if, among other things, it causes "great bodily harm" or is committed on "public property." 720 Ill. Comp. Stat. 5/12-3.05(a)(1), (c).

The district judge did not abuse her discretion in concluding that Golden committed an aggravated battery by battering Brown on public property. Golden concedes that he committed a battery, and that he did so on public property—a county jail. Nevertheless, he claims that the public-property path to aggravated battery is unavailable because the government somehow failed to *prove* that the Sangamon County Jail is public property.

This argument has no merit. The proposition is so obvious that a detailed discussion of it by the parties would have been

a waste of time. *Cf. People v. Messenger*, 40 N.E.3d 410, 423 (Ill. App. Ct. 2015) ("This court has found no decision that characterizes a county jail as anything other than public property. We see no reason to rule that a county jail is not public property under the aggravated battery statute or that it is, *per se*, an issue subject to reasonable dispute."); *People v. Hill*, 949 N.E.2d 1180, 1183–84 (Ill. App. Ct. 2011) ("[T]he [county] jail was property owned by the government and thereby constituted public property."); *People v. Childs*, 711 N.E.2d 1151, 1159–60 (Ill. App. Ct. 1999) ("Because this conduct occurred on public property, [a county jail,] it constitutes aggravated battery.").

In defense of his position, Golden asserts that private companies such as Corrections Corporation of America operate certain detention centers in the United States. However, he has not suggested that any such company operates any county jail in Illinois, nor has he attempted to explain under what circumstances such an operation can convert carceral property from "public" to "private." Golden also claims, incorrectly, that the district judge failed to find that the Sangamon County Jail was a public property—she did, albeit implicitly—and even if the judge had failed to do so, that would not preclude us from reaching the same conclusion on appeal. *See United States v. Thomas*, 934 F.2d 840, 843 (7th Cir. 1991) ("Under longstanding doctrine, an appellate court may affirm on any ground that finds support in the record."); *cf. Messenger*, 40 N.E.3d at 423 ("The Illinois courts … have regularly sanctioned the use of judicial notice to establish an element of the offense.").

Because the district judge did not err in concluding that Golden committed aggravated battery by battering Brown on

public property, we need not consider the government's alternative claim that Golden committed aggravated battery by causing Brown "great bodily harm." Nor must we determine whether the district judge abused her discretion in finding that Golden committed mob action, since, as explained below, the aggravated battery finding alone was sufficient to revoke Golden's supervised release.

### 2. Aggravated Battery Is Grade A Violation

Golden argues that assuming he committed aggravated battery, this offense did not constitute a Grade A violation of his supervised release so a revocation of his supervised release was not required. A Grade A violation has occurred when an individual has committed "conduct constituting (A) a federal, state, or local offense punishable by a term of imprisonment exceeding one year that … is a crime of violence." U.S.S.G. § 7B1.1(a)(1). The occurrence of a Grade A violation mandates revocation and typically results in a longer term of imprisonment than a Grade B or C violation. *Id.* §§ 7B1.3(a)(1), 7B1.4(a).

On appeal, Golden apparently concedes, correctly, that aggravated battery is punishable by at least one year in prison. *See* 720 Ill. Comp. Stat. 5/12-3.05(h); 730 Ill. Comp. Stat. 5/5-4.5-40(a). Instead, Golden maintains that aggravated battery is not a "crime of violence" under the U.S. Sentencing Guidelines. In doing so, Golden rightly focuses on the elements clause. Aggravated battery is not an enumerated offense under the Guidelines, and the Guidelines' residual clause is off limits. *See United States v. Hurlburt*, 835 F.3d 715, 725 (7th Cir. 2016) (en banc). Golden claims that the elements clause, too, is not relevant because aggravated battery under

Illinois law encompasses conduct that is both violent and non-violent. *See United States v. Evans*, 576 F.3d 766, 767 (7th Cir. 2009) (per curiam).

Critically, Golden's argument assumes that the categorical approach applies—i.e., that we must examine the elements of the generic aggravated-battery offense without regard to Golden's actual conduct. But that approach is squarely foreclosed both by the Guidelines themselves and by our case law. *See* U.S.S.G. § 7B1.1 App. Note 1 ("The grade of violation does not depend upon the conduct that is the subject of the criminal charges … of which the defendant is convicted in a criminal proceeding. Rather, the grade of the violation is to be based on the defendant's actual conduct."); *United States v. Trotter*, 270 F.3d 1150, 1155 (7th Cir. 2001) ("Application Note 1 tells the district judge to consider what the person on supervised release *did*, rather than what crimes he has been *charged with*.").

Golden notes in response that the Ninth Circuit has declared that the categorical approach should apply. *See United States v. Willis*, 795 F.3d 986, 992 (9th Cir. 2015). However, that opinion is not controlling and conflicts with at least two of our sister circuits. S*ee id.* at 993 n.5 (citing *United States v. Carter*, 730 F.3d 187, 192 (3d Cir. 2013); *United States v. Cawley*, 48 F.3d 90, 93 (2d Cir. 1995)). Perhaps more importantly, Golden makes no attempt to explain why we should jettison *Trotter* in favor of *Willis*, and we decline to invent a reason for him. *See Puffer v. Allstate Ins. Co.*, 675 F.3d 709, 718 (7th Cir. 2013) (observing the well-recognized principle that underdeveloped arguments are waived on appeal).

Turning to Golden's actual conduct, the videotape of the incident and witness testimony establish that Golden repeatedly punched, kicked, and body slammed Brown. So Golden clearly "use[d] … physical force against the person of another," U.S.S.G. § 4B1.2(a)(1), and, in doing so, committed a Grade A violation of his supervised release.

### B. Golden Waived Any Objections to Duration and Conditions of Supervised Release

Golden also argues that the district judge erred in imposing a three-year duration of supervised release and four of the various conditions. We review a sentence "imposed following revocation of a defendant's supervised release to ascertain whether it was plainly unreasonable," based on 18 U.S.C. § 3583, which largely incorporates the factors listed in 18 U.S.C. § 3553(a). *United States v. Flagg*, 481 F.3d 946, 949 (7th Cir. 2007) (citation and internal quotation marks omitted).

However, we need not reach the merits of Golden's claim. Golden specifically requested the three-year duration of supervised release he received. That constitutes waiver. *See United States v. Cary*, 775 F.3d 919, 927 (7th Cir. 2015) ("By asking for the very condition the court subsequently imposed, [the defendant] waived any argument against it."). So, too, with regard to the conditions themselves, since Golden informed the judge that if she imposed the conditions that were circulated to the parties prior to the revocation hearing— which included the same four conditions that he challenges on appeal—Golden would withdraw his prior objections. *See United States v. Schrode*, 839 F.3d 545, 555 (7th Cir. 2016) (affirmative withdrawal of an objection to conditions of supervised release constitutes waiver).

### III. CONCLUSION

The judgment of the district court is AFFIRMED.