# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-1174

_____

United States of America

*Plaintiff - Appellee*

v.

Scott Wayne Pitts

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville

_____

Submitted: March 12, 2018
Filed: June 29, 2018
[Unpublished]

_____

Before WOLLMAN, SHEPHERD, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

In December 2013, Scott Pitts was sentenced to 30 months imprisonment for "threat[ening] to injure the person of another." 18 U.S.C. § 875(c). He served his time and was discharged on supervised release in April 2015. A little over one year

later, the district court[1] issued a summons after receiving information that Pitts had violated two mandatory conditions of his supervised release: one prohibiting him from using controlled substances and another barring him from violating any federal, state, or local law.

A hearing was held, at which Pitts admitted the controlled-substances violation but denied violating any other laws. The government countered with the testimony of Pitts's ex-girlfriend, Alexa Baker. Baker testified at length about how Pitts had been threatening and harassing her via phone calls and text messages since his release from prison. In summary, she testified that Pitts threatened to rape and kill both her and her current boyfriend, and to rape her friend and kidnap that friend's son. To corroborate this testimony, the government introduced screenshots of a number of these messages, and Pitts stipulated to their accuracy.[2]

At the conclusion of this hearing, the court found that the government had established, by the required preponderance of the evidence, that Pitts violated Ark. Code Ann. § 5-13-301(a)(1)(A). Under that statute, "[a] person commits the offense of terroristic threatening in the first degree if . . . [w]ith the purpose of terrorizing another person, the person threatens to cause death or serious physical injury or substantial property damage to another person." Id. After hearing argument from both parties on the issue, the court found that this qualified as a "crime of violence" under United States Sentencing Guidelines (USSG) §§ 7B1.1(a)(1) and 4B1.2(a). It therefore concluded Pitts committed a class A violation of his supervised release.

---

[1]The Honorable Timothy L. Brooks, United States District Judge for the Western District of Arkansas.

[2]The government also called Pitts's probation officer, David Baker, to the stand. In short, Officer Baker further corroborated the above testimony and asserted that the copied text messages were the reason that he petitioned the court for a summons, which set in motion the current events.

Rather than immediately revoking Pitts's supervised release, the court imposed some additional conditions on Pitts's supervision—including a condition that he was to have no contact whatsoever with Alexa Baker—and gave Pitts a four-month period to prove that he could conform his conduct to the new conditions. Pitts failed. Prior to the end of that period, he again sent threatening messages to Baker. The court held another revocation hearing and ultimately sentenced Pitts to 14 months imprisonment.

We review the district court's imposition of a revocation sentence for abuse of discretion, first questioning whether the court committed procedural error and then ensuring the sentence was substantively reasonable. See United States v. Richey, 758 F.3d 999, 1001 (8th Cir. 2014). As defined in Gall v. United States, procedural error includes "failing to calculate (or improperly calculating) the Guidelines range." 552 U.S. 38, 51 (2007).

On appeal, Pitts's lone argument is that the district court procedurally erred by improperly calculating his guideline range because his violation of Ark. Code Ann. § 5-13-301(a)(1)(A) does not constitute a "crime of violence" under the applicable sentencing guideline. More specifically, he asserts that whether a prior act qualifies as a "crime of violence" under USSG § 7B1.1(a)(1) is determined by using the categorical approach. See United States v. Swopes, 886 F.3d 668, 670 (8th Cir. 2018) (en banc) ("Under the categorical approach that governs analysis of the [Armed Career Criminal Act (ACCA)], we focus on the elements of the state statute and consider whether a violation necessarily satisfies the federal definition of violent felony."). Applying that approach, he first posits that the Arkansas statute is indivisible and overbroad: because it criminalizes threats to damage a person's property, he claims the statute does not necessarily require the threat or use of force against the person of another. See United States v. Kinney, 888 F.3d 360, 365 (8th Cir. 2018) (holding conviction of an overbroad and indivisible state statute could not serve as a predicate offense under the ACCA). Even assuming the statute is divisible, Pitts next contends that it does not require enough force to meet the definition of

"violent force" under federal law. See Johnson v. United States, 559 U.S. 133, 140 (2010) ("[I]n the context of a statutory definition of '*violent* felony,' the phrase 'physical force' means *violent* force—that is, force capable of causing physical pain or injury to another person.").

Grade A probation violations are, inter alia, those in which the offender is charged with "conduct constituting . . . a federal, state, or local offense punishable by a term of imprisonment exceeding one year that . . . is a crime of violence." USSG § 7B1.1(a)(1). "The term 'crime of violence' means any offense under federal or state law . . . that . . . has as an element the use, attempted use, or threatened use of physical force against the person of another." Id. § 4B1.2(a)(1). Importantly, unlike the categorical approach required in assessing cases under the ACCA, "the grade of the violation is to be based on the defendant's actual conduct," rather than by looking only at the statutory definition. Id. § 7B1.1, comment. (n.1); see United States v. Schwab, 85 F.3d 326, 327 (8th Cir. 1996) ("We conclude that the district court properly looked to Schwab's actual conduct in determining the grade of his supervised release violation, rather than the crime to which he pleaded guilty.").

Because of this application note, Pitts's argument misses the mark. Although he argues at length that we should apply the categorical approach, Pitts neither mentions Schwab nor attempts to explain why it is no longer binding. Our precedent has stayed loyal to the application note in recent years, albeit in a slightly different context. See United States v. Mendoza, 782 F.3d 1046, 1048 (8th Cir. 2015) (per curiam) ("The grade of violation does not depend upon the conduct that is the subject of criminal charges but rather is to be based on the defendant's actual conduct. Thus, the fact that Texas authorities charged Mendoza with possession of marijuana does not preclude a finding that he possessed the marijuana with intent to distribute and thus committed a Grade A controlled substance offense violation." (internal citation and quotation marks omitted)); United States v. Ceballos-Santa Cruz, 756 F.3d 635, 637 (8th Cir. 2014) (per curiam). And our sister circuits have applied it with equal

force to nearly identical arguments. <u>See, e.g.</u>, <u>United States v. Golden</u>, 843 F.3d 1162, 1166 (7th Cir. 2016) ("Critically, Golden's argument assumes that the categorical approach applies—i.e., that we must examine the elements of the generic aggravated-battery offense without regard to Golden's actual conduct. But that approach is squarely foreclosed both by the Guidelines themselves and by our case law."). As a result, we remain true to it today.

The district court found, and Pitts does not contest on appeal, that Pitts had violated Ark. Code Ann. § 5-13-301(a)(1)(A). The conduct underlying this finding—which is likewise not disputed by Pitts—involved threatening to rape and kill Baker and her friend. This conduct clearly involves "the use, attempted use, or threatened use of physical force against the person of another." As such, the district court committed no procedural error.

For the reasons above, we affirm Pitts's sentence.

_____