# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 28, 2022

Lyle W. Cayce
Clerk

No. 22-10021

United States of America,

*Plaintiff—Appellee*,

*versus*

Mitesh Patel,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
No. 3:21-CR-488-E

Before Graves, Willett, and Engelhardt, *Circuit Judges.*

Per Curiam:*

Mitesh Patel challenges the sentence imposed following the revocation of his supervised release. He contends the district court erred when it concluded that the categorical approach does not apply when determining whether an offense qualifies as a "crime of violence" under

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

Sentencing Guideline § 7B1.1(a). For the reasons that follow, we affirm the district court.

Patel was sentenced to thirty months of imprisonment to be followed by five years of supervised release after pleading guilty to Bank Fraud. His term of supervision began on May 28, 2020.

On October 20, 2021, a U.S. Probation Officer filed a Petition for Court Action alleging that Mr. Patel had violated the terms of his supervised release. According to the Petition, Patel was arrested and charged with, among other things, Texas Assault Family Violence by Impeding Breath, a third-degree felony. The Probation office classified Patel's assault arrest as a Grade A violation. Combined with his criminal history, his imprisonment range was calculated to be 15–21 months.

Patel objected to the Grade A classification, arguing that the applicable assault statute, Tex. Penal Code § 22.01(b)(2)(B), does not categorically qualify as a crime of violence because it is indivisible and can be committed recklessly. Patel noted that if the district court sustained his objection, the advisory policy statement range for a Grade B violation would be lowered to 6 to 12 months.

On December 7, 2021, the district court held a revocation hearing. During the hearing, Patel again urged the court to adopt the categorical approach, and to accept his argument regarding his Grade B classification. After hearing oral argument and considering the relevant case law, the district court determined it should only look at Patel's actual conduct under § 7B1.1 of the Sentencing Guidelines.

The district court then found the allegations against Patel regarding his assault charge true by a preponderance of the evidence and determined it was a Grade A violation. The district court then revoked Patel's supervised release and sentenced him to 18 months of imprisonment.

No. 22-10021

After the court pronounced the sentence, Patel asked if he had sufficiently preserved his objection to the Grade A classification. The district court expressed its belief it was properly preserved. The court was then asked to state for the record "whether or not," the sentence imposed would have been the same regardless of the proper designation of the violation. After noting Patel's extensive criminal history and the violations at issue, the district court agreed that the 18-month sentence was the proper sentence, irrespective of the guideline recommendation.

On appeal, Patel argues the district court miscalculated the guidelines imprisonment range for his offense. He challenges the district court's conclusion that his assault offense qualifies as a crime of violence under U.S.S.G. § 7B1.1(a)(1), and urges us to adopt a "categorical approach," which considers only the elements of a specific offense in order to determine whether it constitutes a "crime of violence."[1] Assuming, without deciding, the district court erred in concluding that the categorical approach did not apply, the error was harmless.

Here, the district court expressly stated that it would have imposed the same 18-month sentence even if Patel's conduct had been a Grade B violation. This court has repeatedly held that "when a district court

---

[1] We note that there is a circuit split as to whether the categorical approach applies to U.S.S.G. § 7B1.1(a)(1), and that this circuit has not yet weighed in on the issue. *Compare, e.g.*, *United States v. Garcia-Cartagena*, 953 F.3d 14, 21, 24–25 (1st Cir. 2020) (applying the categorical approach); *United States v. Willis*, 795 F.3d 986, 992 (9th Cir. 2015) (same), *with United States v. Pitts*, 739 F. App'x 353, 355 (8th Cir. 2018) (rejecting the categorical approach), *United States v. Golden*, 843 F.3d 1162, 1167 (7th Cir. 2016) (same). Nevertheless, the doctrine of judicial restraint dictates that we decide cases on the best and narrowest grounds available. *See Manning v. Upjohn Co.*, 862 F.2d 545, 547 (5th Cir. 1989) ("Principles of judicial restraint dictate that if resolution of an issue effectively disposes of a case, we should resolve the case on that basis without reaching any other issues that might be presented."). !

entertains arguments as to the proper guidelines range and explicitly states that it would have given the same sentence it did regardless, any error in the range calculation is harmless." *United States v. Nanda*, 867 F.3d 522, 531 (5th Cir. 2017) (citations omitted); *see United States v. Medel-Guadalupe*, 987 F.3d 424, 429 (5th Cir.), *cert. denied*, 141 S. Ct. 2545 (2021) ("[T]he district court was aware of the guidelines range absent the enhancements because Medel-Guadalupe advised the court of this range in his written PSR objections."). That is what happened here. Patel twice requested the alternative guidelines range of 6–12 months. Nonetheless, the district court determined that an 18-month sentence was fair and reasonable, even absent the determination of a Grade A violation. The district court's statements at sentencing, taken in their totality, are sufficient to support the application of the harmless error doctrine. *United States v. Vega-Garcia,* 893 F.3d 326, 327-28 (5th Cir. 2018). Accordingly, the district court's sentence is AFFIRMED.