## UNITED STATES of America, Appellee,

v.

## James Edward SCHWAB, Appellant.

No. 95–3385.

United States Court of Appeals, Eighth Circuit.

Submitted May 7, 1996.

Decided May 20, 1996.

Leonard L. Meyer, Independence, MO, for appellant.

Bruce E. Clark, Kansas City, MO, for appellee.

Before BEAM, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

PER CURIAM.

James Edward Schwab appeals from the district court's [1] order revoking his supervised release and sentencing him to 21 months imprisonment. We affirm.

Schwab was convicted of conspiring to transport and receive stolen property, and was sentenced to 30 months imprisonment and three years supervised release. While on supervised release, he attempted to steal from a department store two items valued at $1,100 each and was charged in Kansas state court with "felony theft, a Class C felony"; Schwab ultimately pleaded guilty to a misdemeanor offense.

The district court held a revocation hearing at which Schwab admitted his conduct and conceded that the value of the items was sufficient to trigger a felony theft charge in state court. Schwab contended, however, that for purposes of determining the Guidelines range, the classification of his revocation violation should be based on the offense to which he pleaded guilty in state court, a misdemeanor. Based on his admission, the district court found that Schwab violated the

---

1. The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

terms of his supervised release; and that the value of the stolen items was enough to push Schwab over the felony threshold, which indicated a Class B supervised release violation under U.S.S.G. § 7B1.1(a)(2), resulting in a Guidelines range of 21 to 24 months.

Schwab contends the district court erroneously applied the Guidelines by relying on his actual conduct—rather than the offense to which he pleaded guilty—in classifying his supervised release violation. We disagree. We review for an abuse of discretion a sentence below the statutory maximum (24 months in this case), *United States v. Carr,* 66 F.3d 981, 983 (8th Cir.1995) (per curiam), and review de novo the district court's construction of the Guidelines, *see United States v. Hensley,* 36 F.3d 39, 41 (8th Cir.1994).

Supervised release violations are classified as one of three grades. As relevant here, "conduct" constituting an offense punishable by a term of imprisonment exceeding one year is a Grade B violation, while "conduct" constituting an offense punishable by a term of imprisonment of one year or less is a Grade C violation. U.S.S.G. § 7B1.1(a)(2, 3). We conclude that the district court properly looked to Schwab's actual conduct in determining the grade of his supervised release violation, rather than the crime to which he pleaded guilty. "The grade of violation does not depend upon the conduct that is the subject of criminal charges or of which the defendant is convicted in a criminal proceeding. Rather, the grade of the violation is to be based on the defendant's actual conduct." U.S.S.G. § 7B1.1, comment. (n.1); *see United States v. Lee,* 78 F.3d 1236, 1240 (7th Cir. 1996).

Because under Kansas law Schwab's conduct constituted a felony punishable by a prison term exceeding one year, the district court correctly classified the violation as a Grade B violation. *See* U.S.S.G § 7B1.1(a)(2); Kan.Stat.Ann. §§ 21–3701(b)(2) (defining theft), 21–3105(1, 3) (defining felonies and misdemeanors), 21–4502(1)(a) (limiting punishment for misdemeanor to no more than one year imprisonment) (1994). As the district court sentenced Schwab below the statutory maximum and at the bottom of the appropriate Guidelines range, we conclude it did not abuse its discretion in imposing a 21–month sentence.

Accordingly, the judgment of the district court is affirmed.