# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-3219

_____

United States of America

*Plaintiff - Appellee*

v.

Guillermo Ceballos-Santa Cruz

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: March 10, 2014
Filed: June 26, 2014
[Published]

_____

Before COLLOTON, SHEPHERD, and KELLY, Circuit Judges.

_____

PER CURIAM.

Guillermo Ceballos-Santa Cruz ("Santa Cruz") appeals the 18-month sentence the district court[1] imposed upon finding he violated his conditions of supervised

_____

[1]The Honorable Laurie Smith Camp, Chief Judge, United States District Court for the District of Nebraska.

release, claiming the sentence imposed was unreasonable. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We affirm.

On November 25, 2008, Santa Cruz pled guilty in the United States District Court for the District of Nebraska to one count of illegal reentry of a removed alien, in violation of 8 U.S.C. § 1326(a). Because he had a prior felony conviction, he was subject to enhanced penalties under 8 U.S.C. § 1326(b)(1), including a maximum sentence of 10 years of imprisonment. A presentence report was prepared, determining that his sentencing guideline range was 24–30 months. However, the district court granted Santa Cruz a 2-level downward departure, pursuant to United States Sentencing Guidelines Manual ("USSG") § 5K3.1, making his sentencing guideline range 18–24 months. The court sentenced him to the bottom of the new advisory range, a term of 18 months imprisonment, with a 3-year term of supervised release to follow. After serving his prison term, Santa Cruz was removed from the United States on February 2, 2010, and thus was not on active supervision. His supervision term was set to expire on January 31, 2013.

On January 26, 2013, five days before the end of his term of supervised release, Santa Cruz was arrested in Arizona. A two-count complaint was filed in the United States District Court for the District of Arizona charging him with (1) illegal reentry after deportation, a felony, in violation of 8 U.S.C. §§ 1326(a) and (b)(1), and (2) illegal entry, a misdemeanor, in violation of 8 U.S.C. § 1325(a)(1). Count one carried a maximum sentence of 10 years, while count two carried a maximum sentence of 6 months. On January 29, 2013, Santa Cruz pled guilty to count two, the misdemeanor charge, admitting he had illegally reentered the United States on January 23, 2013. He was sentenced to 180 days imprisonment; with credit for time served, his projected release date was July 24, 2013.

On June 10, 2013, the United States Probation Office for the District of Nebraska filed a petition requesting a warrant be issued for Santa Cruz's arrest. The

warrant issued that same day.[2] The petition alleged he violated three conditions of his supervised release: that he not commit another federal, state, or local crime; that he notify his probation officer within 72 hours of being arrested or questioned by law enforcement; and that he not illegally reenter the United States if deported. While Santa Cruz admitted he committed another federal crime by illegally reentering the United States, he argued his supervised release violation should be classified as a "Grade C" violation under USSG § 7B1.1(a)(3), which includes "conduct constituting . . . a federal, state, or local offense punishable by a term of imprisonment of one year or less," because the offense to which he pled in Arizona had a maximum sentence of 6 months. However, the government argued that his actual conduct—illegally reentering the country following deportation—was punishable by a term of imprisonment of over one year, such that his violation should be treated as a "Grade B" violation. See USSG § 7B1.1(a)(2). Because Santa Cruz's criminal history category was IV, his recommended sentencing range for a "Grade B" violation was 12–18 months, while it was 6–12 months for a "Grade C" violation. See USSG § 7B1.4(a).

The district court sentenced Santa Cruz to 18 months imprisonment, with no supervision to follow—the top of the sentencing range for a "Grade B" violation. The court found Santa Cruz "in need of deterrence so that he does not continue to come

---

[2]We note that, although Santa Cruz's term of supervision had been set to expire on January 31, 2013, "[a] term of supervised release does not run during any period in which the person is imprisoned in connection with a conviction for a Federal, State, or local crime unless the imprisonment is for a period of less than 30 consecutive days." 18 U.S.C. § 3624(e). As a result, Santa Cruz's supervised release term was tolled in January 2013 and had not yet begun to run again when the warrant issued on June 10, 2013. Pursuant to 18 U.S.C. § 3583(i), a court can revoke a term of supervised release after the term has expired, so long as the violation occurred and the warrant alleging the violation issued before the expiration of the term of supervised release.

into this country illegally," and noted both the leniency the court had given him in his earlier sentence and the fact he had been allowed to plead to a misdemeanor rather than a felony in Arizona.

Santa Cruz argues his sentence is substantively unreasonable because it is greater than necessary to serve the sentencing purposes of 18 U.S.C. § 3553(a). We review the substantive reasonableness of a sentence imposed for a violation of supervised release for an abuse of discretion. United States v. Thunder, 553 F.3d 605, 607 (8th Cir. 2009) (citation omitted). An abuse of discretion occurs if a sentencing court "fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors." United States v. Watson, 480 F.3d 1175, 1177 (8th Cir. 2007) (citation omitted).

The sentence imposed by the district court was substantively reasonable. Santa Cruz argues the district court should have treated his Arizona misdemeanor conviction as a "Grade C" violation, even though the underlying conduct made it a "Grade B" violation, because that would more fairly represent the severity of his violation. However, a district court may rely on a defendant's actual conduct rather than the offense to which he pled guilty in classifying his supervised release violation under the sentencing guidelines. See United States v. Schwab, 85 F.3d 326, 327 (8th Cir. 1996) (noting the violation grades under USSG § 7B1.1 are based on actual conduct); see also USSG § 7B1.1, cmt. n.1. Here, the district court treated Santa Cruz's Arizona conviction as a "Grade B" violation because his actual conduct "constitut[ed] an offense punishable by a term of imprisonment exceeding one year." USSG § 7B1.1(a)(2); see also 8 U.S.C. § 1326(b)(1). The district court was not required to treat it as a "Grade C" violation just because the court in Arizona allowed him to plead guilty to a lesser offense. The court also recognized the significant reduction Santa Cruz received in both illegal reentry cases and decided a longer sentence would help achieve general and specific deterrence. The district court thus relied on appropriate

factors in determining his sentence and sentenced Santa Cruz within the properly calculated guideline range.

After reviewing the record, we conclude the district court did not abuse its discretion in sentencing Santa Cruz at the top of his guideline range for violating the conditions of his supervised release. Accordingly, we affirm.

_____