# United States Court of Appeals
### For the Eighth Circuit

_____

No. 14-3035
_____

United States of America

*Plaintiff - Appellee*

v.

Leopoldo Gamma-Deleon

*Defendant - Appellant*

_____

No. 14-3063
_____

United States of America

*Plaintiff - Appellee*

v.

Leopoldo Gamma-Deleon

*Defendant - Appellant*

_____

Appeals from United States District Court
for the Northern District of Iowa - Sioux City
_____

_____

Before WOLLMAN, MURPHY, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

In these consolidated appeals, Leopoldo Gamma-Deleon directly appeals the sentences imposed by the district court[1] in his criminal case and in his supervised-release revocation proceeding. After careful review, we affirm.

While serving a 3-year term of supervised release, Gamma pleaded guilty to a new federal indictment for illegally reentering the country having been previously deported after an aggravated felony conviction, in violation of 8 U.S.C. § 1326(a) and (b)(2). At his combined sentencing and revocation hearing, the district court imposed consecutive prison sentences of 41 months on the reentry conviction, and 24 months on the supervision revocation. In a brief filed under Anders v. California, 386 U.S. 738 (1967), counsel argues that the 65-month aggregate sentence was substantively unreasonable.

We find no abuse of discretion in the sentences imposed. See United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (this court reviews sentence under deferential abuse-of-discretion standard); United States v. Miller, 557 F.3d 910, 915-16 (8th Cir. 2009) (this court reviews revocation sentence using same standards it applies when reviewing initial sentence). The district court adequately considered the 18 U.S.C. § 3553(a) factors; identified relevant sentencing factors, including

_____

[1]The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa.

Gamma's recidivism and prior deportations; and did not commit a clear error of judgment in weighing the factors. See United States v. Salazar-Aleman, 741 F.3d 878, 881 (8th Cir. 2013) (outlining substantive reasonableness test); Miller, 557 F.3d at 917 (same test for substantive review of revocation sentence); Feemster, 572 F.3d at 464 (substantive review is narrow and deferential to sentencing court); see, e.g., United States v. Ceballos-Santa Cruz, 756 F.3d 635, 637-38 (8th Cir. 2014) (per curiam) (affirming top-of-Guidelines-range revocation sentence for illegally reentering country). The court also did not abuse its discretion by ordering that the sentences be served consecutively. See U.S.S.G. §§ 5G1.3(c), comment. (n.3(C)), & 7B1.3(f); United States v. Cotroneo, 89 F.3d 510, 512 (8th Cir. 1996) (standard of review).

An independent review of the record pursuant to Penson v. Ohio, 488 U.S. 75, 80 (1988), reveals no nonfrivolous issues for appeal. Accordingly, we affirm the judgments of the district court, and we grant counsel's motions to withdraw, subject to counsel informing appellant about the procedures for seeking rehearing from this court and for filing a petition for writ of certiorari.

_____