# United States Court of Appeals
### For the Eighth Circuit

_____

No. 14-1725
_____

United States of America

*Plaintiff - Appellee*

v.

Joe Louis Mendoza

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville

_____

Submitted: January 12, 2015
Filed: April 14, 2015
[Published]

_____

Before LOKEN, MURPHY, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Joe Louis Mendoza began a five-year term of supervised release in December 2012 after serving a 200-month prison sentence for possessing methamphetamine with intent to distribute. In November 2013, Texas State Trooper Max Honesto stopped Mendoza for a routine traffic violation while he was driving a rental car from California to his home in Arkansas. The stop led to a probable cause search of the car

and to Mendoza's arrest when seventy vacuum-sealed bundles containing eighty-five pounds of high-grade marijuana were found in five duffle bags in the trunk of the car. Mendoza's probation officer petitioned the district court to commence revocation proceedings. Following an evidentiary hearing, the district court[1] imposed a 37-month revocation sentence. Mendoza appeals, arguing the court committed plain procedural error in determining the advisory guidelines range sentence. We affirm.

The probation officer charged Mendoza with violating four conditions of supervised release -- committing another crime,[2] illegally possessing a controlled substance, leaving the district without permission, and failing to notify the probation officer within 72 hours of an arrest. At the revocation hearing, Mendoza denied the first two charges. Trooper Honesto testified at length. The Government argued: "this is a clear case of drug-trafficking" because Mendoza "went to jail for . . . drug-trafficking -- gets out, and within less than a year, is stopped outside of his [designated district] . . . in a rental vehicle with 85 pounds of marijuana that is . . . vacuum sealed." Defense counsel argued the government failed to prove the bundles contained marijuana or that Mendoza possessed the duffle bags found in the trunk of his car. The district court found that Mendoza violated all four conditions of supervised release. Regarding the contested violations, the court stated, "I think the proof is sufficient under the preponderance of the evidence test to convince me that [Mendoza] was in possession of the -- of marijuana at that time and, therefore, that both of these violations are made out."

---

[1]The Honorable Jimm Larry Hendren, United States District Judge for the Western District of Arkansas.

[2]The revocation Petition recited that Texas authorities had charged Mendoza "with possession of marijuana, less than or equal to 2000 lbs, but greater then 50 lbs; case no. 9148086266." See Tex. Health & Safety Code § 481.121(b)(5).

Turning to the question of the sentence if supervised release was revoked, the district court began by determining the advisory guidelines range recommended by USSG § 7B1.4(a). The court asked counsel if they agreed that Mendoza was on supervised release for a Class A offense; that "the most serious [supervised release] violation that has been found is an A-2 violation," see USSG § 7B1.1(a)(1)(ii); and that Mendoza was in criminal history category five, resulting in an advisory range of 46 to 57 months in prison. Government counsel agreed. Defense counsel objected that Mendoza should be in criminal history category four, resulting in an advisory range of 37 to 46 months for a Grade A(2) violation by a Class A felony offender. The district court agreed, determined the advisory range was 37 to 46 months in prison, revoked Mendoza's supervised release, and sentenced him to 37 months, the bottom of the guidelines range, noting that sentence "represents a bit of a break" given the quantity of marijuana involved.

Mendoza raises one issue on appeal -- that the district court committed plain procedural sentencing error by calculating the advisory guidelines range based on a Grade A supervised release violation without making a specific finding that Mendoza possessed the marijuana with intent to distribute. The Guidelines define a Grade A violation as including a "controlled substance offense" punishable by a prison term exceeding one year. USSG § 7B1.1. A "controlled substance offense" is limited to offenses involving the manufacture, import, export, distribution, or dispensing of a controlled substance, or possession with intent to do so. USSG § 4B1.2(b), incorporated by reference in § 7B1.1, comment. (n.3).

The "grade of violation does not depend upon the conduct that is the subject of criminal charges" but rather is to be "based on the defendant's actual conduct." United States v. Schwab, 85 F.3d 326, 327 (8th Cir. 1996). Thus, the fact that Texas authorities charged Mendoza with possession of marijuana does not preclude a finding that he possessed the marijuana with intent to distribute and thus committed a Grade A "controlled substance offense" violation. See USSG § 7B1.1, comment (n.1).

Mendoza argues, however, that the district court *did not find* that he possessed marijuana with intent to distribute, only that he *possessed* the marijuana found in the trunk of his car. Mere possession of marijuana is a Grade B violation, which would reduce his advisory guidelines range to 12 to 18 months in prison.

Arguably, defense counsel's failure to object when the court asked if Mendoza agreed it was a Grade A(2) violation waived this issue. But even if the issue was only forfeited, our review is for plain error because Mendoza failed to raise this objection in the district court. See United States v. Nissen, 666 F.3d 486, 490 (8th Cir. 2012). Under plain error review, the defendant must show an error that is plain and that affects substantial rights. If a defendant makes that showing, we may exercise our discretion to correct a forfeited error only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. Id.

Mendoza cannot show plain error. The focus of the revocation hearing was on whether he possessed the seventy vacuum-sealed bundles found in the trunk of his car and whether they contained marijuana, a controlled substance. Possession was all the government needed to prove to establish the two contested supervised release violations, committing another crime and illegally possessing a controlled substance. The district court's finding explicitly resolved that issue. Whether the unlawful possession constituted a Grade A violation was a distinct issue. The quantity of controlled substance found -- eighty-five pounds of high grade marijuana wrapped in seventy bundles -- by itself was sufficient to establish possession with intent to distribute. See, e.g., United States v. Shurn, 849 F.2d 1090, 1095 (8th Cir. 1988). Thus, the evidence supported the district court's finding of a Grade A(2) violation, an explicit finding that necessarily incorporated a predicate finding of possession with intent to distribute. The district court made no misstatement, like the obvious drug quantity misstatement we concluded was not plain error in United States v. Atterberry, 775 F.3d 1085, 1088-89 (8th Cir. 2015). Rather, the court simply did not spell out a

factual predicate to its ultimate Grade A finding that was obvious from the hearing record.

In these circumstances, there was no error, much less plain error. The record clearly supported the inference, drawn by the district court, that Mendoza was engaged in drug trafficking when he was arrested while driving eighty-five pounds of marijuana from California to Arkansas. The 37-month sentence was well below the five-year maximum sentence if Mendoza violated *any* condition of his supervised release. See 18 U.S.C. § 3583(e)(3).

The judgment of the district court is affirmed.

_____