# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 15-1808

———————————————

United States of America

*Plaintiff - Appellee*

v.

Charles Edward Bracken

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the District of Minnesota - St. Paul

——————————

Submitted: February 29, 2016
Filed: May 16, 2016
[Unpublished]

——————————

Before SMITH, BENTON, and KELLY, Circuit Judges.

——————————

PER CURIAM.

Charles Edward Bracken pled guilty to distribution of child pornography in violation of 18 U.S.C. § 2252(a)(2) and (b)(1). He appeals the district court's[1] below-

———————————

[1]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota.

guidelines-range sentence. Having jurisdiction under 28 U.S.C. §1291, this court affirms.

Bracken distributed over 21,000 images and 570 videos depicting sexual abuse of children—including children being raped and in bondage. He faced a guideline range of 210 to 240 months' imprisonment, and a mandatory minimum 5-year imprisonment. At sentencing, he requested the minium sentence. The government recommended a downward variance to 151 to 181 months' imprisonment. The district court sentenced him to 120 months' imprisonment. Bracken asserts that the district court gave insufficient weight to his lack of criminal history, severe physical and sexual abuse as a child, deteriorating physical health, the collateral consequences of his conviction (such as social stigma), and low risk of re-offending—all of which were fully briefed in the district court. Bracken argues his 120-month sentence is "greater than necessary to accomplish the goals of federal sentencing."

This court reviews the substantive reasonableness of a sentence for abuse of discretion. *United States v. Harlan*, 815 F.3d 1100, 1107 (8th Cir. 2016). A court abuses its discretion if it "fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors." *United States v. Ceballos-Santa Cruz*, 756 F.3d 635, 637 (8th Cir. 2014).

The district court properly considered the § 3553(a) factors. The district court stated that it would consider the advisory guideline range and the need to avoid unwarranted sentencing disparities. The court found that a 120-month sentence was "sufficient but not greater than necessary," "reflects the seriousness of the offense," is an "adequate deterrence to criminal conduct," and "protect[s] the public from further crimes of the Defendant." The court acknowledged "sentences out there" both higher and lower than 120 months, but concluded this sentence "fulfills 3553." The

-2-

district court did not commit a clear error of judgment in sentencing the defendant to a term of imprisonment 90 months below the guidelines range. *See United States v. Feemster*, 572 F.3d 455, 464 (8th Cir. 2009) (en banc) ("[I]t will be the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable." (internal quotation marks omitted)).

The judgment is affirmed.

_____