# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-1886

_____

United States of America

*Plaintiff - Appellee*

v.

Casey M. Widman

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: February 29, 2016
Filed: May 16, 2016
[Unpublished]

_____

Before SMITH, BENTON, and KELLY, Circuit Judges.

_____

PER CURIAM.

Casey Michael Widman pled guilty to one count of bank robbery in violation of 18 U.S.C. § 2113(a). He appeals his 192-month sentence, claiming the district

court[1] abused its discretion in granting the government's request for an upward variance from the guideline range of 151-188 months. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Widman approached a teller at a bank, stating several times that he wanted to make a withdrawal. The teller asked which account he wanted to make a withdrawal from. Agitated, Widman drew what appeared to be a semiautomatic pistol from underneath his jacket and placed it on the counter. The teller gave him $889.00. He left the bank. Police found him in a vehicle with two other people, who had some of the money from the robbery.

Widman argues that the district court abused its discretion in sentencing him four months above the guideline range. He claims the district court improperly weighed the §3553(a) factors, giving undue weight to his criminal history and the need to protect the public, resulting in a sentence "greater than necessary to comply with the purposes of the sentencing statute." He asserts that the court should have considered the sentencing disparity between himself and the other individuals in the vehicle, his extensive mental and physical health treatment and history, and other factors such as his homeless status.

This court reviews the substantive reasonableness of a sentence for abuse of discretion. *United States v. Harlan*, 815 F.3d 1100, 1107 (8th Cir. 2016). A court abuses its discretion if it "fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors." *United States v. Ceballos-Santa Cruz*, 756 F.3d 635, 637 (8th Cir. 2014).

---

[1]The Honorable David Gregory Kays, Chief Judge, United States District Court for the Western District of Missouri.

The district court properly weighed the relevant § 3553(a) factors. The court said, "I have considered all [the § 3553(a)] factors. Among the ones I think that are important here are the nature and circumstance of this offense, and bank robberies." The court considered how the bank robbery created a dangerous environment for everyone present. As for Widman's personal characteristics, the district court stated that "your history and your characteristics are important here," noting Widman had been honest with the court. He himself told the court that he committed the robbery while drinking and undergoing outpatient psychiatric care. Summarizing his lengthy criminal history—this was his third bank robbery conviction, 15th felony conviction and 92nd criminal conviction—the court considered the need to protect the public. The court told Widman, "So what's going to help you today is the fact that you've told the truth. It may be the only reason you don't get a maximum sentence allowed by law is you've been honest with us, and I appreciate that." The court concluded that the 192-month variance "is because of your criminal history, and the need to protect the public." Although the district court did not discuss each § 3553(a) factor, this court "does not require district courts to mechanically recite the § 3553(a) factors." *United States v. Blackmon*, 662 F.3d 981, 988 (8th Cir. 2011). There is no "sentencing disparity" with the other individuals in the vehicle because they were never charged with a crime. The district court did not abuse its discretion in granting the government's request for an upward variance. *See United States v. Feemster*, 572 F.3d 455, 464 (8th Cir. 2009) (en banc) ("[I]t will be the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable." (internal quotation marks omitted)).

The judgment is affirmed.

_____

-3-