# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-3190

_____

United States of America,

*Plaintiff - Appellee,*

v.

Justin Christopher Sneed, Sr., also known as Justin Christopher Sneed,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the Southern District of Iowa - Council Bluffs

_____

Submitted: May 21, 2018
Filed: May 24, 2018
[Unpublished]

_____

Before LOKEN, COLLOTON, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

Justin Christopher Sneed directly appeals after the district court[1] revoked his supervised release. His counsel has filed a brief and moved to withdraw. Sneed has also filed a pro se brief.

_____

[1]The Honorable Stephanie M. Rose, United States District Judge for the Southern District of Iowa.

The district court found that Sneed violated his conditions of supervised release by committing a new law violation (an assault), not reporting a change in employment, and violating a protective order. The court found that, for purposes of the Sentencing Guidelines, Sneed's most serious violation--the assault--was a Grade B violation. Sneed challenges this classification, contending that the evidence at the revocation hearing did not establish that the offense for which he was charged in state court was punishable by more than one year in prison, as required for Grade B violations, *see* U.S.S.G. § 7B1.1(a)(2).

We discern no error in the district court's determination that Sneed committed a Grade B violation. The grade of the violation did not depend on the state court charge, and there was ample evidence at the revocation hearing that Sneed's actual conduct constituted an assault punishable under Iowa law by more than one year in prison. *See United States v. Mendoza*, 782 F.3d 1046, 1048 (8th Cir. 2015) (per curiam); *see also* Iowa Code §§ 708.1, 708.2(4), 902.9(1)(e).

As to Sneed's pro se challenge to the district court's finding that he failed to notify his probation officer of a change in his employment, we conclude that the district court did not clearly err in finding that this violation was established by a preponderance of the evidence. *See* 18 U.S.C. § 3583(e)(3); *United States v. Miller*, 557 F.3d 910, 913-14 (8th Cir. 2009).

Accordingly, we affirm the judgment, and we grant counsel's motion to withdraw.

_____