# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-1196

_____

United States of America

*Plaintiff - Appellee*

v.

Stevie Williams, also known as Mississippi

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Lincoln

_____

Submitted: January 14, 2019
Filed: March 12, 2019
[Unpublished]

_____

Before BENTON, MELLOY, and KELLY, Circuit Judges.

_____

PER CURIAM.

Stevie Williams pled guilty to conspiracy to distribute cocaine in violation of 21 U.S.C. § 846. The district court[1] sentenced him to 120 months' imprisonment. It

---

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

later reduced his sentence by 72 months. After release from prison, he violated the conditions of his supervised release. The district court sentenced him to 18 months' imprisonment and 12 months' supervised release. Less than two months after release, he again violated the conditions of release. The district court sentenced him to 36 months' imprisonment. He appeals. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Williams believes his above guidelines sentence (guidelines range was 7-13 months) is substantively unreasonable. This court reviews the substantive reasonableness of a sentence for abuse of discretion. *United States v. Beran*, 751 F.3d 872, 875 (8th Cir. 2014). An abuse of discretion occurs if the district court "fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors." *United States v. Ceballos-Santa Cruz*, 756 F.3d 635, 637 (8th Cir. 2014). This court gives district courts "wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence." *United States v. Misquadace*, 778 F.3d 717, 719 (8th Cir. 2015).

Williams admitted violating the conditions of his release by committing third-degree domestic assault against an intimate partner. However, he argues the court erred in sentencing him above the guidelines because it "should have recognized that a dismissal of the charge in state court mitigated against a lengthy sentence in federal court." This argument is unavailing. The district court was familiar with Williams; it presided over his initial sentencing and first revocation. Imposing the sentence, it considered the § 3553(a) factors, the photographic evidence of the victim's injuries, a recording of the victim's account of the assault, Williams' "repeated violations" of conditions of release, his criminal history (which included drug charges, sexual assault, and violation of a domestic abuse protection order), and the fact that he was "previously a beneficiary of a downward departure or other unusual form of

leniency." The district court fully considered the record and allowed Williams to speak before imposing its sentence. It did not abuse its discretion. *See United States v. Kreitinger*, 576 F.3d 500, 504 (8th Cir. 2009) (collecting cases where this court sentenced defendants outside the guidelines for reasons such as "numerous and repeated violations of the terms of" supervised release and persistent criminal conduct).

\* \* \* \* \* \* \*

The judgment is affirmed.

_____