# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-2962

_____

United States of America

*Plaintiff - Appellee*

v.

Lashaun Maurice Perry, also known as Bishop

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids
_____

Submitted: March 14, 2019
Filed: April 2, 2019
[Unpublished]
_____

Before GRUENDER, SHEPHERD, and STRAS, Circuit Judges.
_____

PER CURIAM.

Lashaun Perry directly appeals after the district court[1] revoked his supervised release and sentenced him within the calculated Chapter 7 Guidelines range. His

---

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

counsel has moved for leave to withdraw and has filed a brief suggesting that the revocation sentence is unreasonable because it was based in part on an erroneously calculated criminal history category. In a pro se brief, Perry asserts several arguments.

As to the issue raised by counsel, we conclude that the district court did not plainly err in calculating the Chapter 7 Guidelines range using a Category IV criminal history because the district court had applied a Category IV criminal history at Perry's original sentencing, and there was no evidence to support Perry's claim that one of his prior convictions had been expunged. *See United States v. Miller*, 557 F.3d 910, 916 (8th Cir. 2009) ("Procedural sentencing errors are forfeited, and therefore may be reviewed only for plain error, if no objection was raised in the district court."); *see also* U.S.S.G. § 7B1.4 (stating that, at revocation, the criminal-history category is the category applicable at the time the defendant was originally sentenced to a term of supervision).

As to Perry's pro se arguments, we decline to consider any ineffective-assistance issues. *See United States v. Hughes*, 330 F.3d 1068, 1069 (8th Cir. 2003) (indicating that ineffective-assistance claims are more properly raised in collateral proceedings). Next, we conclude that Perry was not entitled to any credit toward his new term of supervised release for time he served on probation. *See* 18 U.S.C. § 3583(h) (providing that a district court may, following revocation, "include a requirement that the defendant be placed on a term of supervised release after imprisonment" that "shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment" that was imposed after revocation, but not stipulating that the length is less the supervised release time already served). We further conclude that the district court properly calculated the Chapter 7 Guidelines range by using a Grade B violation, as the Grade B classification was justified by Perry's actual conduct. *See United States v. Mendoza*, 782 F.3d 1046, 1048 (8th Cir. 2015) (per

curiam) (explaining that the grade of a violation is based on the defendant's actual conduct, not the conduct that is the subject of criminal charges). Finally, we conclude that the district court did not abuse its discretion either in deciding to revoke Perry's supervised release or in imposing the revocation sentence. *See Miller*, 557 F.3d at 914 ("We review a district court's decision to revoke supervised release for an abuse of discretion and the court's underlying 'factual findings as to whether a violation occurred' for clear error."); *United States v. Petreikis*, 551 F.3d 822, 824 (8th Cir. 2009) (explaining that "[w]e review a revocation sentence under the same 'reasonableness' standard that applies to initial sentencing proceedings" and that a within-Guidelines-range sentence is accorded a presumption of reasonableness on appeal). We therefore affirm, and we grant counsel's motion for leave to withdraw.

_____