# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 20-3650

———————————————

United States of America

*Plaintiff - Appellee*

v.

David Wright

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Northern District of Iowa - Eastern

——————————

Submitted: April 20, 2021
Filed: April 23, 2021
[Unpublished]

——————————

Before GRUENDER, MELLOY, and KELLY, Circuit Judges.

——————————

PER CURIAM.

David Wright appeals the sentence the district court[1] imposed after revoking his supervised release. His counsel has moved to withdraw and has filed a brief

———————————————

[1] The Honorable C.J. Williams, United States District Judge for the Northern District of Iowa.

challenging the reasonableness of the sentence. Wright raises additional arguments in his pro se supplemental brief.

Having carefully considered the record, we decline to consider Wright's claims of ineffective assistance of trial counsel in his underlying criminal proceedings. See United States v. Hughes, 330 F.3d 1068, 1069 (8th Cir. 2003) (explaining that, except in unusual circumstances, claims of ineffective assistance of counsel are more appropriately raised in collateral proceedings). Moreover, we reject Wright's challenges to the sufficiency of the evidence and conclude that the district court did not clearly err in finding Wright violated conditions of his supervised release. See United States v. Black Bear, 542 F.3d 249, 252 (8th Cir. 2008) (standard of review; explaining that this court reviews for clear error a district court's finding as to whether a violation occurred and will reverse only if it has a definite and firm conviction that the district court was mistaken); United States v. Hernandez, 281 F.3d 746, 748 (8th Cir. 2002) (concluding that witness credibility determinations are "virtually unreviewable" on appeal). We further conclude that any potential error in the district court's grade determination was harmless because it explained it would have imposed the same sentence regardless of whether the most serious violation was Grade B or Grade C according to the Chapter 7 policy statement in the United States Sentencing Guidelines Manual. See United States v. Mendoza, 782 F.3d 1046, 1048 (8th Cir. 2015) (per curiam) (explaining that the grade of a violation is based on the defendant's actual conduct, not the conduct that is the subject of criminal charges); United States v. Jackson, 594 F.3d 1027, 1030 (8th Cir. 2010) (concluding that when a district court makes a clear record explaining why it intended to impose the same sentence and takes into account the potential impact of the specific error alleged, it is appropriate to treat the error as harmless). That sentence, which was below the statutory maximum, was reasonable. The district court sufficiently considered the relevant statutory sentencing factors and did not give significant weight to an improper factor or commit a clear error of judgment. See 18 U.S.C. § 3583(e); United States v. Larison, 432 F.3d 921, 922-24 (8th Cir. 2006) (standard of review); see also

United States v. Richart, 662 F.3d 1037, 1054 (8th Cir. 2011) (concluding that a mere disagreement with how the district court weighed factors is insufficient to demonstrate an abuse of discretion); United States v. Keating, 579 F.3d 891, 893 (8th Cir. 2009) (concluding that the district court is presumed to have considered factors on which it heard argument).

      Accordingly, we affirm the judgment and grant counsel's motion to withdraw.

_____