# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-1415
_____

United States of America,

*Plaintiff - Appellee*,

v.

Alfredo Ochoa,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the District of North Dakota - Eastern

_____

Submitted: February 13, 2025
Filed: May 14, 2025

_____

Before COLLOTON, Chief Judge, BENTON and STRAS, Circuit Judges.

_____

COLLOTON, Chief Judge.

The district court[*] revoked Alfred Ochoa's supervised release based on violations of conditions of release. The court sentenced Ochoa to forty months'

_____

[*]The Honorable Peter D. Welte, Chief Judge, United States District Court for the District of North Dakota.

imprisonment, followed by twenty months of supervised release. Ochoa appeals and asserts error in the revocation and the sentence. We affirm the judgment.

I.

On August 5, 2022, Ochoa began serving a three-year term of supervised release after completing a term of imprisonment for a drug trafficking offense. Three months later, the government petitioned to revoke Ochoa's term of supervision. The government alleged that Ochoa committed five violations of his conditions of release: three for committing another federal, state, or local crime; one for associating with persons convicted of a felony without permission from his probation officer; and one for failing to cooperate with all rules and regulations of a residential re-entry center. An amended petition added a sixth allegation—namely, that Ochoa committed an aggravated assault under North Dakota law when he carried out an unprovoked assault on a victim at a bar. The petition cited North Dakota Century Code § 12.1-17-02(1)(a).

At a hearing, Ochoa admitted to the first five violations but denied the aggravated assault. The government presented testimony of a probation officer and several exhibits. The district court received without objection four exhibits: a video of the assault taken from a security camera inside the bar; photos of text messages between Ochoa and another person sent the morning after the altercation; a video of an interrogation of Ochoa conducted after the incident; and a North Dakota charging document that accused Ochoa of aggravated assault.

Ochoa objected to three exhibits on the ground that they contained hearsay and that the Due Process Clause gave him a right to confront the witnesses against him. The court overruled the objections and admitted the exhibits: the victim's medical records that described the extent of his injuries; a photograph of the victim's face after the assault; and a body camera video from an investigating officer at the bar.

The district court found by a preponderance of the evidence that Ochoa committed the sixth violation based on the assault at the bar. The court found Ochoa "prepare[d] for the assault" and "engaged in a violent and unprovoked assault on a victim who clearly and immediately demonstrate[d] injury to his eye." The court then determined that the assault was a "crime of violence" that constituted a Grade A violation under the sentencing guidelines. *See* USSG § 7B1.1(a)(1). The court revoked Ochoa's supervised release and sentenced him to forty months' imprisonment, followed by twenty months of supervised release.

## II.

Ochoa first argues that the district court violated his due process rights by considering the three disputed exhibits *See United States v. Bell*, 785 F.2d 640, 642 (8th Cir. 1986); Fed. R. Crim. P. 32.1(b)(2)(C). It is unnecessary to address this point because any error was harmless beyond a reasonable doubt. *See Chapman v. California*, 386 U.S. 18, 24 (1967); *United States v. Busey*, 11 F.4th 664, 667 (8th Cir. 2021).

A condition of Ochoa's supervised release required that he refrain from committing another federal, state, or local offense. Although the revocation petition alleged an aggravated assault under § 12.1-17-02(1)(a), proof of a lesser offense would still establish a violation of Ochoa's conditions. Under North Dakota law, a person commits a simple assault if he "[w]illfully causes bodily injury to another human being." N.D. Cent. Code § 12.1-17-01(1)(a). "Willfully" is defined as "intentionally, knowingly, or recklessly." *Id.* § 12.1-02-02(1)(e). "Bodily injury" is defined as "any impairment of physical condition, including physical pain." *Id.* § 12.1-01-04(4).

Without considering the three disputed exhibits, there was overwhelming evidence that Ochoa committed at least a simple assault. The video of the altercation

shows that Ochoa and a companion entered the bar and stood behind two men at a blackjack table. Ochoa removed his glasses and identified his target; he and his companion then attacked the two men from behind. In text messages the next morning, Ochoa admitted that he "f***ed up" the victim, and that the victim's "face is all swollen and his eyes are shut." As the district court found, Ochoa "removed his glasses to prepare for the assault, which would be knowingly preparing for an assault or intentionally preparing for an assault and then engaged in a violent and unprovoked assault on a victim who clearly and immediately demonstrates injury to his eye." The unchallenged evidence shows overwhelmingly that Ochoa willfully caused bodily injury to the victim. Any error in admitting the additional exhibits was harmless beyond a reasonable doubt.

At the sentencing phase of a revocation proceeding, due process generally does not require confrontation of witnesses. *United States v. Busey*, 11 F.4th 664, 668 (8th Cir. 2021). But Ochoa contends that regardless of the admissible evidence, his assault was not a "crime of violence" and thus not a Grade A violation under USSG § 7B1.1(a)(1). Grade A violations include "conduct constituting . . . a federal, state, or local offense punishable by a term of imprisonment exceeding one year that . . . is a crime of violence." *Id.* The district court considered Ochoa's actual conduct during the assault and concluded that he committed a crime of violence.

Ochoa submits that the district court should have applied a categorical approach—examining only the elements of his assault offense—to determine whether the offense constituted a crime of violence. He contends that government proved only that he violated § 12.1-17-02(1)(a) in the aggravated assault statute, and that this offense does not qualify categorically as a crime of violence because it may be committed recklessly. *See Borden v. United States*, 593 U.S. 420 (2021).

Assuming for the sake of analysis that the district court should have applied the categorical approach, any error did not substantially influence the outcome of the

proceeding and was harmless. The record shows that Ochoa also committed aggravated assault under § 12.1-17-02(1)(c) because he "cause[d] bodily injury or substantial bodily injury to another human being while attempting to inflict serious bodily injury on any human being."

The unchallenged evidence demonstrates that Ochoa caused bodily injury to the victim because Ochoa admitted that the victim's face was swollen and that his eye was swollen shut. The victim's vision was necessarily impaired, and he undoubtedly suffered physical pain.

The undisputed video evidence also shows convincingly that Ochoa acted with intent to cause a "serious" bodily injury. "Serious bodily injury" is "bodily injury . . . which causes . . . unconsciousness, extreme pain, permanent loss or impairment of the function of any bodily member or organ, a bone fracture, or impediment of air flow or blood flow to the brain." *Id*. § 12.1-01-04(28). Ochoa intentionally prepared for the assault by removing his glasses and identifying his target. He attacked the victim from behind and repeatedly struck him in the head and face. The inference of an intent to cause unconsciousness, extreme pain, or a bone fracture is inescapable.

A violation of § 12.1-17-02(1)(c) is categorically a crime of violence because it "has as an element the use, attempted use, or threatened use of physical force against the person of another." USSG § 4B1.2(a)(1). The use of physical force "encompasses the knowing or intentional causation of bodily injury." *Delligatti v. United States*, 145 S. Ct. 797, 805 (2025). An offender who violates § 12.1-17-02(1)(c) must act intentionally and must cause bodily injury. Thus, even under a categorical approach to USSG § 7B1.1, Ochoa's assault necessarily qualifies as a Grade A violation, and any error in relying on a violation of § 12.1-17-02(1)(a) was harmless.

The judgment of the district court is affirmed.

_____