# United States Court of Appeals
## For the Eighth Circuit

_____

No. 25-2188

_____

United States of America

*Plaintiff - Appellee*

v.

Armondo Grays, Jr.

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Central

_____

Submitted: March 20, 2026
Filed: May 13, 2026

_____

Before SHEPHERD, ERICKSON, and GRASZ, Circuit Judges.

_____

GRASZ, Circuit Judge.

Armondo Grays, Jr. committed first-degree burglary, in violation of Iowa Code §§ 713.1 and 713.3(1)(c), while on supervised release. The district court[1] looked at Grays's specific misconduct and decided he had committed a crime of

---

[1]The Honorable Leonard T. Strand, United States District Judge for the Northern District of Iowa.

violence, a grade A violation of his supervised release. So it revoked his supervision and sentenced him to 30 months of imprisonment. Grays appeals his revocation sentence, arguing the district court should have used the categorical approach to decide whether he had committed a crime of violence. Under this approach, an offense is only a crime of violence if it is necessarily a "crime of violence," as defined by § 4B1.2(a)(1) of the U.S. Sentencing Guidelines Manual, based on its statutory elements. *See, e.g.*, *Jima v. Barr*, 942 F.3d 468, 472 (8th Cir. 2019) (citing *United States v. Dawn*, 685 F.3d 790, 794 (8th Cir. 2012)). Grays's argument stumbles at the gate. The grade of a supervised release violation turns on the defendant's actual conduct, not the elements of his offense. Consequently, we affirm.

## I. Background

Grays previously pled guilty to distribution of a controlled substance, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(c), possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(c), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1). As part of Grays's sentence for these offenses, the district court imposed a five-year term of supervised release.

Shortly after beginning supervision, Grays accompanied a friend to an apartment in Waterloo, Iowa, belonging to Cheyenne Gates. Gates had not invited Grays, and when he entered her apartment, Gates and her cousin, Porsche Anderson, began arguing with him and insisting that he leave. He did not do so. During this altercation, Anderson went into the kitchen, and Grays followed her. As they argued, Grays punched Anderson in the face repeatedly, causing her significant swelling and bleeding. Someone called law enforcement in the wake of this assault, and an officer arrived and arrested Grays. Grays's probation officer then filed a petition alleging his supervised release should be revoked because he violated his terms of supervision by committing new law violations, including first-degree burglary and trespass, and using alcohol.

At his revocation hearing, Grays admitted he assaulted Anderson and used alcohol, but he denied committing first-degree burglary and trespass. The government called Anderson, Gates, and the officer that arrested Grays to prove these violations, and they each testified to the events described above. The government also introduced photographs of Anderson's injuries and blood spatter in Gates's apartment. In light of this evidence, the district court found Grays had committed first-degree burglary by assaulting Anderson, as well as trespass, which is a lesser included offense, by a preponderance of the evidence. The district court also determined Grays's first-degree burglary offense was a crime of violence, given the nature of his actual misconduct, and that he had therefore committed a grade A violation of his supervised release. The district court calculated that the Guidelines called for 30 to 37 months of imprisonment for Grays's grade A violation, and neither party objected.

After recounting various aggravating and mitigating factors, the district court revoked Grays's supervised release and sentenced him to 30 months of imprisonment and three years of supervised release. The district court explained it had imposed this sentence, which was the very bottom of the Guidelines range, despite "arguments for a sentence at the top or even above the guideline range." And it emphasized that it could not "find anything less than 30 months to be sufficient to account for the various factors that [it had to] consider." Grays appeals his revocation sentence.

## II. Analysis

When a defendant does not object to an alleged procedural error involving his sentencing, as is the case here, we review for plain error. *See United States v. Adkins*, 161 F.4th 1130, 1134 (8th Cir. 2025). To prevail under this standard, the defendant must show there was an error; the error was plain; and the error affected his substantial rights. *See United States v. Burnette*, 518 F.3d 942, 947 (8th Cir. 2008).

-3-

As his sole argument on appeal, Grays argues the district court should have used the categorical approach, rather than analyzing his actual behavior, to decide whether he had committed a crime of violence. When the categorical approach applies, it "does not permit a court to consider a defendant's actual underlying conduct." *United States v. Coulson*, 86 F.4th 1189, 1194 (8th Cir. 2023). Instead, to determine whether an offense qualifies as a crime of violence, it requires the court to "consider only the statutory elements of the offense," *United States v. Harper*, 869 F.3d 624, 625 (8th Cir. 2017), and decide whether the offense "always requires the government to prove — beyond a reasonable doubt, as an element of the case — the use, attempted use, or threatened use of force." *United States v. Taylor*, 596 U.S. 845, 850 (2022); *see also* U.S.S.G. § 4B1.2(a)(1) (U.S. Sentencing Comm'n 2024) (defining "crime of violence" as "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that . . . has as an element the use, attempted use, or threatened use of physical force against the person of another"). Iowa's first-degree burglary offense is not a crime of violence under the categorical approach because it can be committed recklessly. *See* §§ 713.1, .3(1)(c). So Grays contends it cannot support a grade A violation. *See* U.S.S.G. § 7B1.1(a)(1) (stating a crime of violence punishable by a term of imprisonment exceeding one year is a grade A violation).

There is just one problem. For thirty years now, we have consistently held that the categorical approach does not apply to calculating the grade level of supervised release violations. *See United States v. Schwab*, 85 F.3d 326, 327 (8th Cir. 1996) ("We conclude that the district court properly looked to Schwab's actual conduct in determining the grade of his supervised release violation, rather than the crime to which he pleaded guilty."); *United States v. Ceballos-Santa Cruz*, 756 F.3d 635, 637 (8th Cir. 2014) ("[A] district court may rely on a defendant's actual conduct rather than the offense to which he pled guilty in classifying his supervised release violation under the sentencing guidelines."); *United States v. Mendoza*, 782 F.3d 1046, 1048 (8th Cir. 2015) ("The 'grade of violation does not depend upon the conduct that is the subject of criminal charges' but rather is to be based on the defendant's actual conduct." (quoting *Schwab*, 85 F.3d at 327)); *United States v.*

*Pitts*, 739 F. App'x 353, 355 (8th Cir. 2018). As we have explained again and again, this is because the Guidelines expressly state that "[t]he grade of violation does not depend upon the conduct that is the subject of criminal charges or of which the defendant is convicted in a criminal proceeding. Rather, the grade of violation is to be based on the defendant's actual conduct." § 7B1.1 cmt. n.1.

Grays argues this court "found a possible error" where a district court decided not to apply the categorical approach in a situation like his in *United States v. Ochoa*, 137 F.4th 702 (8th Cir. 2025). We disagree. Read properly, *Ochoa* indicates that the panel sidestepped this issue because the defendant had committed another offense that was categorically a crime of violence. *See id.* at 705. So assuming the categorical approach applied, as the defendant argued, he was still guilty of a grade A violation of his supervised release. *See id.* *Ochoa* did not purport to undermine the precedent cited above. Nor could it, as "only the en banc court can overrule a prior panel's decision." *United States v. Escobar*, 970 F.3d 1022, 1027 (8th Cir. 2020). Bound by our precedent, the district court was right to rely on Grays's actual misconduct to conclude he committed a crime of violence and thereby a grade A violation of his supervised release.

Even if the district court had erred as Grays argues, we would still affirm because its error would not have been plain, given our precedent, and the district court clearly stated it could not "find anything less than 30 months to be sufficient to account for the various factors that [it had to] consider." *See Burnette*, 518 F.3d at 947; *United States v. Woods*, 670 F.3d 883, 887 (8th Cir. 2012) ("[I]n this case the court's procedural error was harmless. The record clearly indicates the district court intended to sentence Woods to 102 months . . . regardless what the Guidelines recommended.").

## III. Conclusion

For these reasons, we affirm the district court's judgment.

_____